THE PEOPLE, ex rel. DANIEL EVANS, Respondent, *v.* ALFRED C. CHAPIN, as Comptroller, etc., Appellant.

Where a person entitled to a legacy or distributive share of a decedent's estate is unknown, and the money has been paid into the State treasury pursuant to the directions of the Code of Civil Procedure (§ 2747), it is not money of the State, or belonging to any of its funds, or funds under its management within the meaning of the provision of the State Constitution (Art. 7, § 8), which prohibits the paying out of such moneys " except in pursuance of an appropriation by law," and upon compliance with the requirements of the Code and production of a certified copy of order directing payment of the legacy or distributive share to a claimant, it is the duty of the comptroller to draw his warrant therefor without such an appropriation.

(Argued March 2, 1886 ; decided March 9, 1886.)

THIS was an appeal from an order of General Term affirming an order of Special Term, which awarded a writ of peremptory *mandamus*, requiring the State comptroller to draw his warrant upon the State treasurer for the amount of moneys paid into the treasury by the administrator of the estate of Patrick Fox, deceased. The persons entitled to the moneys being unknown, the surrogate required them to be paid into the treasury, in pursuance of section 2747 of the Code of Civil Procedure.

Upon petition of the relator claiming to be entitled to the fund and upon report of a referee to whom the matter was

referred, who reported that the relator was entitled to the whole of the fund, an order was granted in accordance with the provisions of said section, directing the payment thereof to relator. The comptroller, however, upon presentation of a certified copy of the order, refused to draw his warrant upon the treasurer for the amount on the ground that no appropriation had been made by the legislature for the payment.

*D. O'Brien, Attorney-General,* for appellant.

*William J. Ludden* for respondent.

Agree to affirm on the ground that money paid into the State treasury, pursuant to section 2747 of the Code of Civil Procedure, is not money of the State or money belonging to any of its funds, or any of the funds under its management, within the meaning of section 8, article 7 of the State Constitution, and is not, therefore, subject to the prohibition of that section.

All concur ; no opinion.

Order affirmed.