In the Matter of SARAH GOLDOWITZ, Deceased.

Surrogate's Court, Kings County, October 15, 1934.

*Ezra B. Kotcher,* for the petitioner.

*Joseph M. Lonergan,* for the executors.

WINGATE, S. This is an application, made under somewhat unusual circumstances, to compel executors to file and proceed to settle their account.

The petitioner is the attorney employed in the estate of testatrix's husband, who predeceased her, and from whom substantially all of the assets of this estate are derived. His services in this regard were extended, arduous and successful.

In or about June, 1933, he made an application in the husband's estate under section 231-a of the Surrogate's Court Act for a fixation of his fees, as a result of which a stipulation was entered into " that the reasonable value of " his services " rendered to the estate and to be rendered to the estate, is $4,300." This agreement provided, *inter alia,* for the payment of the unpaid portion of this sum in certain specified installments, the last, of $500, being payable " upon the accounting in the estate of Sarah Goldowitz." An order of this court was entered on June 14, 1933, confirming the arrangement made in this stipulation and expressly directing the payment of the several sums at the particular times therein set forth.

The applicant alleges in his petition that he has prepared all papers in the final accounting and that the same are ready for signature, but that although urged by him so to do, the executors have declined to proceed with the accounting and are attempting by this means to force the petitioner to accept a lesser sum for his services than that agreed upon. These allegations stand wholly undenied.

The replying affidavit interposes as a cause for the delay in accounting, reasons which would be wholly insufficient to exculpate them in an ordinary application for a compulsory accounting and

further challenges the status of the applicant as one authorized under the provisions of section 259 of the Surrogate's Court Act to make this application.

The extreme complication of the situation seems to have been imperfectly appreciated by the parties. The sum payable to the petitioner was obviously for services rendered and to be rendered by him in the underlying estate of Isaac. His application was made, and the order for payment entered, therein. The present estate of Sarah is a separate legal semi-entity (*Matter of Weissmann*, 137 Misc. 113, 118; affd. on opinion of this court, 232 App. Div. 698) in spite of the fact that under the will of Isaac, and as a result of her subsequent death, the entire distributable estate of Isaac became payable to the executors of Sarah.

As a further complication, it should be noted that the accounts of Nathan Goldstein, as administrator c. t. a. of Isaac, were settled by decree entered on January seventeenth of this year, and, pursuant to its terms, the entire distributable estate of Isaac was paid over to the executors of Sarah, who are Stanley Bogart, Harry Goldowitz and Louis Katz, all different persons from the fiduciary of Isaac's estate.

The sum total of this demonstration is that an obligation was created by which the administrator of Isaac was to pay to the petitioner the sum of $500 as a part of the administration expenses of the estate of Isaac, when the executors of Sarah, who were different persons, should perform certain stipulated acts, namely, account in the estate of which they are the fiduciaries, and that by his act of accounting in the estate of Isaac and satisfying the decree therein entered, he has disposed of all assets of the estate of Isaac and presumably placed it beyond his power to comply with this contract obligation.

The proceedings in connection with the final judicial settlement of the estate of Isaac, of which the court may take judicial notice (*Matter of Surpless*, 143 Misc. 48, 50; *Matter of Morningstar*, Id. 620, 623; *Matter of Blake*, 146 id. 780, 781, 782), affirmatively demonstrate that in spite of his adjudicated rights against the estate, the petitioner was not made a party to that proceeding, was not cited, and did not consent to the entry of this decree. It is obvious, therefore, that his rights against the administrator or the assets of that estate were not cut off by that decree or any distribution made thereunder.

It is clear that the petitioner has no rights against the estate of Sarah or its fiduciaries on the record as presently existing. He is not a creditor or distributee thereof and is, therefore, patently not within the description of a person authorized to bring a proceeding

for a compulsory accounting as set forth in section 259 of the Surrogate's Court Act. It is equally obvious, however, that the present respondents, the executors of Sarah's estate, have in their hands moneys upon which the petitioner will have a prior claim upon the happening of the somewhat unfortunate condition precedent to the maturing of his rights to which he has assented. Finally, it stands admitted on the record that the executors of Sarah are adopting their present course of conduct in an effort to force the petitioner to accept less than the sum admittedly due him. This demonstration creates an equitable situation which would be a travesty on justice were its remedy beyond the power of this court.

Whereas the terms of section 259 prevent this court from granting the precise relief sought, its powers are ample to supply a substantial equivalent without invoking the broad equitable grant of section 40. Obviously the first step which the petitioner should take is to secure the return to the estate of Isaac from the executors of Sarah of a sum sufficient to satisfy the petitioner's rights when the fulfillment of the condition precedent to the maturity of his claim has been accomplished. To this end he should promptly apply for the issuance of an order directing the administrator of Isaac to show cause why the necessary steps for that purpose should not be taken and directing the executors of Sarah to demonstrate why an order should not be made compelling a refund to the estate of Isaac of the requisite sum.

Whereas the petitioner lacks the status necessary to enable him to compel the accounting of these executors, the court itself is not subject to a similar disability. Sarah died on October 24, 1932, and letters testamentary were issued to the present fiduciaries in respect to her estate on June 28, 1933. Obviously the period of fifteen months from the issuance of such letters expired on September 28, 1934. Section 257-a of the Surrogate's Court Act provides: " if an executor or administrator omits to file his account, and a petition for its judicial settlement, for more than fifteen months after letters were issued to him, the surrogate may, of his own motion, by order, direct such executor or administrator to make and settle an account of his proceedings."

The petition contains the following allegation: " One of the Executors called at the petitioner's office and informed your petitioner that he expected him to accept a lesser sum than is due him. Your petitioner believes that the purpose of the delay and the failure to file the final account is to compel your petitioner to accept a lesser sum than has been agreed upon and as ordered by this Court to be paid."

The fact that this allegation stands wholly unrefuted makes it proper for the court to exercise the prerogative granted to it in the foregoing statutory enactment, and it will accordingly, on its own motion, direct the executors to file and proceed to settle their account within thirty days.

Enter order on notice accordingly.