In the Matter of the Estate of WILLIAM IRVING, Deceased.

Surrogate's Court, Kings County, December 21, 1934.

*Samuel Berzick,* for the next of kin.

*Thomas J. Snee,* for the public administrator.

WINGATE, S. This is an application to revoke letters of administration, granted to the public administrator, on the alleged ground that the application therefor contained a false suggestion of a material fact in the statement that the decedent left no known surviving next of kin. No answer has been interposed, wherefore the right to relief becomes a pure question of law on the facts set forth in the petition (*Matter of Larney,* 148 Misc. 871, 872), all facts alleged therein, together with reasonable inferences deducible therefrom, being taken as admitted. (*Matter of Kirkman,* 143 Misc. 342, 343; *Matter of Duggan,* 146 id. 596, 597; *Matter of Keeling,* 148 id. 798.)

It is urged on behalf of the public administrator that the court should compel proof by the applicant of the verity of the allegations which stand wholly denied, but no reason or authority has been advanced for treating a litigation involving this official on a basis other than that which would be pursued in the case of any other litigant, and the court cannot conceive of the existence of any.

The demonstration of the petition is that the decedent died on March 22, 1927, and that letters of administration were issued to the public administrator on March 30, 1927. The decedent was survived by no relatives of his own. In 1872 he had married one Georgiana White who predeceased him. There were no children of this marriage who survived her. The applicant traces his connection through this wife, and the allegations of the petition establish that he is a nephew by marriage of the decedent.

The petition further sets forth that " the whole surplus of this estate was not distributed on the first day of May, 1929." This statement demonstrates conclusively that the applicant bases his rights on the enactment contained in section 2 of chapter 518 of the Laws of 1929, which contained the first provision making the relatives of a deceased spouse general distributees of an estate where a decedent died without any relatives of his own and which, by its terms, made this devolution effective not only as to future decedents but also in respect to " the surplus of any estate not distributed on the first day of May, nineteen hundred and twenty-nine."

For success in this application, it is obvious that the applicant must demonstrate four things, *first,* that there was an undistributed surplus in this estate on May 1, 1929, which is admitted on the record; *second,* that the decedent died without distributees of his own blood and that the applicant is the nearest relative of dece-

dent's predeceased spouse who was living on May 1, 1929, which stands uncontroverted; *third,* that he received a vested right in the surplus so undistributed at some time between May 1, 1929, and the date when the repeal of chapter 518 of the Laws of 1929 became effective; and, *fourth,* that by reason of the demonstration of the three previous essentials, he is entitled to secure the removal of the fiduciary who qualified in 1927.

The first two questions being demonstrated by the admission of his antagonist, the first matter for examination concerns the effect of the enactment contained in section 2 of chapter 518 of the Laws of 1929. This cannot be understood without a review of the pre-existing laws on the subject and of the statutes enacted immediately before and shortly after it.

Prior to 1929 the only section of the Decedent Estate Law relating to the subject-matter of this discussion was subdivision 16 of section 98, which provided: " If there be no husband or wife surviving and no children, and no representatives of a child, and no next of kin, and no child or children of the husband or wife of the deceased, then the whole surplus shall be distributed equally to and among the next of kin of the husband or wife of the deceased, as the case may be, and such next of kin shall be deemed next of kin of the deceased for all the purposes specified in this article or in chapter eighteen of the code of civil procedure; but such surplus shall not, and shall not be construed to, embrace any personal property except such as was received by the deceased from such husband or wife, as the case may be, by will or by virtue of the laws relating to the distribution of the personal property of the deceased person."

It will be seen that, under this law, the next of kin of a pre-deceased wife, other than her children, were given intestate rights in the property of her surviving spouse only in respect to property which he had received from her on her death either by will or intestate distribution.

In section 6 of chapter 229 of the Laws of 1929, article 3 of the Decedent Estate Law, which included this section, was amended as a whole, and the provisions theretofore contained in section 98 were, so far as here material, included in the new section 83, subdivision 15 thereof substantially re-enacting the hereinbefore quoted provisions of subdivision 16 of former section 98.

It was, however provided in section 21 of chapter 229: " This act shall take effect September first, nineteen hundred and thirty. Provided, however, that the provisions of sections * * * six * * * of this act * * * shall apply only to the estates or wills of persons dying after August thirty-first, nineteen hundred

and thirty; and the provisions of law affected by such sections in force prior to the taking effect of this act shall apply to the estates and wills of all persons dying prior to September first, nineteen hundred and thirty, with the same force and effect as if they were not hereby amended."

It follows from the foregoing that the provisions of section 98 were expressly continued in effect until September 1, 1930, and were thereafter to be superseded by the then substantially identical provisions of section 83, only in respect to the estates of persons dying thereafter.

By section 2 of chapter 518 of the Laws of 1929, an amendment to subdivision 16 of section 98 was enacted which took effect on April 11, 1929, which made this subdivision read as follows: " If there be no husband or wife surviving and no children, and no representatives of a child, and no next of kin, and no child or children of the husband or wife of the deceased, then the whole surplus, including the surplus of any estate not distributed on the first day of May, nineteen hundred and twenty-nine, shall be distributed equally to and among the next of kin of the husband or wife of the deceased, as the case may be, and such next of kin shall be deemed next of kin of the deceased for all the purposes specified in this article or the surrogate's court act."

Whereas by the previously enacted provisions of chapter 229 of the Laws of 1929, this amendment would apparently have been automatically repealed on September 1, 1930, had no further legislation occurred, this enactment unquestionably created vested rights in favor of those persons who came within its description during the time it was in force.

The extremely anomalous situation this brought into being was remedied in chapter 174 of the Laws of 1930, which, in section 3, amended subdivision 15 of section 83 as set forth in chapter 229 of the Laws of 1929 to read: " If there be no husband or wife surviving and no children and no representatives of a child, and no other distributees, and no child or children of the husband or wife of the deceased, then the whole shall descend and be distributed equally to the next of kin of the husband or wife of the deceased, as the case may be, and such next of kin shall be deemed next of kin of the deceased for all the purposes specified in this article or in article seven hereof."

In section 10 of this same law, chapter 518 of the Laws of 1929 was repealed.

In section 13 the enacting clause contained in section 21 of chapter 229 of the Laws of 1929 was amended so as to include section 9 of this act, making the repeal of chapter 518 of the Laws

of 1929 effective only on September 1, 1930, and expressly reserving all rights which had previously arisen in respect to the estates of persons who had predeceased the effective date.

The result of all of this legislation was that for the period between April 11, 1929, when chapter 518 of the Laws of 1929 went into effect, until September 1, 1930, the provisions of this law were operative, with the result, by the terms of the enacting clauses, which were expressly made non-retroactive, that the estate of any person who died between April 11, 1929, and September 1, 1930, leaving no blood relations or children of a predeceased spouse, came within its terms, and also that the undistributed surplus on May 1, 1929, of any estate of a person dying at any time prior to that date was within its provisions.

Since the repeal of chapter 518 of the Laws of 1929 by chapter 174 of the Laws of 1930, effective on September 1, 1930, was not made retroactive, any rights which accrued during the effective period of the former were expressly left unimpaired, as, indeed, they must have been unless constitutional invalidity were to be encountered.

It follows that since the present applicant was within the class of persons upon whom benefits were conferred by chapter 518 of the Laws of 1929, and since there was an undistributed surplus in this estate on May 1, 1929, he received a vested right in such surplus which has not been, and presumably could not be, impaired by any subsequent legislation. (*Matter of Vanderbilt*, 172 N. Y. 69, 73; *Matter of Craig*, 97 App. Div. 289, 293; affd., 181 N. Y. 551.)

The final question in the case relates to whether or not the allegation in the original petition of the public administrator, made in 1927, which stated: " The said decedent left him surviving no next of kin to the knowledge of your petitioner or ascertainable by him," was a false allegation of a material fact.

The foregoing review of the pertinent law, plus the allegations of the present petition, conclusively demonstrates that such allegations were unqualifiedly true and not false when made. On the showing of the petition, the decedent had no living blood relations at that time nor were there any other persons in existence who were entitled to share in the distribution of his estate according to the then existing law. Approximately two years later the Legislature altered this situation. This change, however, did not relate back, but merely created certain specified rights as of its effective date, which could not have the effect of turning the public administrator into a liar *nunc pro tunc*.

It follows that since the letters were validly issued in the first instance, they are not subject to revocation by reason of such sub-

sequent events. Even were the situation otherwise, the court would decline to remove the present administrator after this lapse of almost eight years. The proper procedure is for the fiduciary to account. Since all of the facts are admitted, the court will exercise the power possessed by it under section 257-a of the Surrogate's Court Act, and will direct the public administrator to file and proceed to settle his account within thirty days. (*Matter of Goldowitz*, 153 Misc. 182, 185, 186.) No costs will be granted in respect to the present application.

Enter order on notice.