In the Matter of the Application of GORDON GERMAINE, to Withdraw Moneys Deposited in the State Treasury in a Proceeding Entitled " In the Matter of the Judicial Settlement of the Account of FRANK LARAWAY and Another, Administrators, etc., of CARL L. CHENOWETH, Also Known as CARL LEROY CHAMBERLIN, Deceased."

GORDON GERMAINE, as Committee of ANN BURNS GERMAINE, Incompetent, and as Administrator of the Estates of EDWARD BURNS, ANN BURNS, EDITH McGOWAN and MARION BURNS, Deceased, and Another, Appellants; JOHN J. BENNETT, JR., Attorney-General of the State of New York, Respondent.

Third Department, May 8, 1935.

*Samuel Berzick*, for the appellants.

*John J. Bennett, Jr., Attorney-General [Henry Epstein, Solicitor General,* and *Arthur T. McAvoy, Assistant Attorney-General,* of counsel], for the respondent.

RHODES, J. The question to be determined is whether the next of kin of a wife who predeceased her husband are entitled to the estate of said husband as his next of kin, he having died leaving no other next of kin him surviving. The answer requires a decision as to whether retroactive effect is to be given to the changes in the Decedent Estate Law relative to such a situation.

These changes removed the restrictions as to the class of property to be distributed to the next of kin of a deceased husband or wife of a deceased person, and enlarged the rights of such next of kin by permitting in the cases specified distribution of the estate of the decedent to the next of kin of a deceased husband or wife of said decedent. Before the amendments such next of kin could thus take only property received by the decedent from the estate of such husband or wife. (See Dec. Est. Law [Laws of 1909, chap. 18], § 98, subd. 16.)

The facts here involved are as follows: Carl L. Chamberlin, the deceased, died intestate August 8, 1911. Thereafter proceedings were had for the settlement of his estate, in which it appeared that he was predeceased by his wife, Nellie Burns Chamberlin, who died intestate and without issue, and that certain moneys came to the deceased husband from the estate of his said wife; that he died without leaving any next of kin; that there were living certain next of kin of his deceased wife, and the decree which was entered therein on or about the 5th day of January, 1920, directed that the moneys received by the deceased husband from the estate of his said wife be paid to her next of kin. In addition there remained in the estate of said deceased husband the sum of $5,625.72, the same being his personal estate, no part of which had been received from the estate of his said wife. Said decree directed that said sum be paid into the State Treasury for the benefit of the person or persons " who may thereafter appear entitled thereto." This direction was in accordance with the provisions of section 2740 of the Code of Civil Procedure, then in effect, now section 272 of the Surrogate's Court Act.

By chapter 229 of the Laws of 1929 the Decedent Estate Law was radically amended and former subdivision 16 of section 98, with some change of verbiage, was incorporated in the amendment and renumbered as subdivision 15 of section 83. By the terms of such amendatory act said subdivision 15 was not to take effect until September 1, 1930, and the provisions of law in force prior to the taking effect of said amendment were made applicable to the estates of all persons dying prior to September 1, 1930.

At the same session of the Legislature, by chapter 518, former subdivision 16 of section 98, which remained unrepealed and was to continue in force and effect until September 1, 1930, was amended by inserting, among other things, the new provision that in case of the death of a person leaving no surviving spouse and no next of kin, then the next of kin of the deceased husband or wife of said decedent were to be deemed the next of kin of said deceased, and were to take the property of the estate of such decedent.

This amendment took effect April 11, 1929, and said subdivision 16, as thus amended, is as follows: " If there be no husband or wife surviving and no children, and no representatives of a child, and no next of kin, and no child or children of the husband or wife of the deceased, then the whole surplus, including the surplus of any estate not distributed on the first day of May, nineteen hundred and twenty-nine, shall be distributed equally to and among the next of kin of the husband or wife of the deceased, as the case may be, and such next of kin shall be deemed next of kin of the deceased

for all the purposes specified in this article or in the surrogate's court act."

Later, by chapter 174 of the Laws of 1930, said subdivision 15 of section 83, which was to take effect on September 1, 1930, was amended to conform to said subdivision 16 of section 98, then in force, except that the amendment to subdivision 15 did not contain the language of subdivision 16, which provided for the distribution thereunder of " the surplus of any estate not distributed on the first day of May, nineteen hundred and twenty-nine," the said subdivision 15 of section 83, as thus amended in 1930, being as follows: " If there be no husband or wife surviving and no children, and no representatives of a child, and no other distributees, and no child or children of the husband or wife of the deceased, then the whole shall descend and be distributed equally to the next of kin of the husband or wife of the deceased, as the case may be, and such next of kin shall be deemed next of kin of the deceased for all the purposes specified in this article or in article seven hereof."

By the said act of 1930 it was again provided that said subdivision 15 should take effect on September 1, 1930, and that the provisions of law affected thereby in force and effect prior to the taking effect of such amendment were to apply to the estates of all persons dying prior to September 1, 1930.

After the enactment of the various amendments quoted, by which the statute took its present form, this proceeding was commenced by the petitioner by petition dated June 27, 1934, by which an order of the surrogate was sought directing the payment of said moneys on deposit with the State Treasurer to the surviving next of kin of the wife of said deceased, the claim being that they were entitled thereto by virtue of the said changes in the Decedent Estate Law. The application was denied and from the decree of denial this appeal is taken.

There is no question that in this State and in most of the States of the Union, the right to take property by will or by descent is a mere creature of the law and not a natural right. (See *Kennedy* v. *Wood*, 20 Wend. 230; *Johnston* v. *Spicer*, 107 N. Y. 185; *Matter of Dows*, 167 id. 227; *Orr* v. *Gilman*, 183 U. S. 278; *Magoun* v. *Illinois Trust & Savings Bank*, 170 id. 283; *Plummer* v. *Coler*, 178 id. 115; *Knowlton* v. *Moore*, Id. 41; *Murdock* v. *Ward*, Id. 139; *Clarke* v. *Clarke*, Id. 186; *Jones* v. *Barnett*, 30 Tex. 637; *DeVaughn* v. *Hutchinson*, 165 U. S. 566; *United States* v. *Perkins*, 163 id. 625. *Contra, Nunnemacher* v. *State*, 129 Wis. 190; 108 N. W. 627.)

At common law the personal estate of an intestate who left no next of kin belonged absolutely to the sovereign. (Broom's Legal Maxims [6th Am. ed., from the 4th London ed.], p. 59.)

In the absence of any person having vested rights in the fund, the State, as sovereign, has paramount right thereto. (*Johnston* v. *Spicer*, 107 N. Y. 185. See, also, *Hamlin* v. *People*, 155 App. Div. 680.)

It is to be observed that under said section 2740 of the Code of Civil Procedure, now section 272 of the Surrogate's Court Act, the State does not assert title to the fund. (See *People ex rel. Evans* v. *Chapin*, 101 N. Y. 682.) Said section 272, in part, provides: " Where the person entitled to a legacy or a distributive share is unknown, the decree must direct the executor, administrator, guardian or testamentary trustee to pay the amount thereof to the comptroller of the state, for the benefit of the person or persons who may thereafter appear to be entitled thereto."

The section then provides for a hearing upon the petition of any person subsequently claiming to be entitled thereto, and authorizes the surrogate to " ascertain the rights of the person interested, and grant an order directing the payment of any money, which appears to be due to the claimant  *  *  *.  The comptroller, upon the production of a certified copy of the order, must draw his warrant upon the deposit established pursuant to this section for the amount therein directed to be paid, payable to the person entitled thereto."

Under a somewhat similar statute which directed that funds which had been paid into court and there remained for a period of twenty years, be paid over to the Treasurer of the State, it was pointed out that the State was not thereby asserting title to such moneys, but was providing only for the custody thereof. (See *People* v. *Keenan*, 110 App. Div. 537; State Finance Law, § 44; *Matter of Stevenson*, 137 App. Div. 789; *Matter of People* v. *Maltbie*, 102 Misc. 575.)

But the fact that the State is not asserting title is not sufficient to enable appellants to obtain the fund. Obviously, they must establish that the right and title thereto are vested in them.

With these facts and principles in mind, we approach consideration of the above-quoted provisions of the Decedent Estate Law to determine whether or not rights to said fund have thereby been conferred upon the appellants.

As a general rule a construction of a statute which will give it a retroactive operation is not favored by the courts, and it will not receive such construction unless its language either expressly or by necessary implication requires that it be so construed. (*People* v. *Carnal*, 6 N. Y. 463; *Rhodes* v. *Sperry & Hutchinson Co.*, 193 id. 223; *Jacobus* v. *Colgate*, 217 id. 235. See, also, Statutes and Statutory Construction, McKinney's Consolidated Laws, book 1, p. 71, § 17, and cases cited thereunder.)

By the said amendment in 1929 to said subdivision 16 of former section 98 of the Decedent Estate Law, it was provided that if there be no next of kin of the deceased, " then the whole surplus, *including the surplus of any estate not distributed on the first day of May, nineteen hundred and twenty-nine*, shall be distributed " to the class therein described.

The appellants assert that the surplus sought to be reached by them herein, not having been distributed, comes within the express terms of said subdivision, and that it evidences an intention on the part of the State, as sovereign, to relinquish any claim to said fund by escheat or analogous right.

It seems clear that this provision was intended to be retroactive and apply to the surplus of all estates undistributed on the 1st day of May, 1929. The State thereby not only relinquished its right thereto, but conferred rights therein upon the appellants in the nature of a gift or grant. The vested interest thus acquired in said fund as against the State cannot be taken away by subsequent act of repeal, or attempt to retake, or otherwise. The same view was expressed by Surrogate WINGATE in the recent case of *Matter of Irving* (153 Misc. 807).

If the conclusions herein arrived at are correct, then petitioners are entitled to the relief sought, and the refusal thereof by the decree appealed from was erroneous.

The decree should be reversed on the law, with costs to the appellants payable out of the estate, and the relief prayed for should be granted, with costs to the appellants payable out of the estate.

CRAPSER and HEFFERNAN, JJ., concur; HILL, P. J., dissents, with an opinion, in which BLISS, J., concurs.

HILL, P. J. (dissenting). Petitioner appeals from an order of the Greene County Surrogate's Court denying his petition for a direction that the State Treasurer distribute $5,625.72, and accumulated interest, paid to that official pursuant to a decree of the same court made on January 5, 1920, following the final accounting by the administrators of the estate of Carl L. Chamberlin, deceased, who died August 8, 1911. Petitioner and another, either personally, as administrator or as committee of an incompetent person, represent all of the next of kin of Nellie Chamberlin who was the wife of Carl L. Chamberlin. She died on June 12, 1910. By the 1920 decree it was determined that a portion of the personal property of his estate had been received from his wife, and that amount, under the statute governing the distribution of intestate estates (Laws of 1909, chap. 18, § 98, subd. 16), in effect at that time, was directed to be distributed among the next of kin of the deceased wife, and

the remainder of the estate was paid to the State Treasurer· as required by section 272 of the Surrogate's Court Act (formerly section 2740 of the Code of Civil Procedure) for the reason that the next of kin of Carl L. Chamberlin were unknown. It is recited in the petition in this proceeding that search for his next of kin has been made since his death in 1911 at Paris, Ky., his birthplace, Brooklyn, New York city and Oak Hill, N. Y., and San Francisco, Cal., he having resided in each of those places, and that none have been found. Since the 1920 decree, the Statute of Distribution involved (Dec. Est. Law, § 98, subd. 16) has been amended (Laws of 1929, chap. 518) to provide that in the event a decedent leaves no consanguine next of kin, the next of kin of a deceased spouse " shall be deemed next of kin of the deceased." The amendment enacted that the new law of distribution should apply to any estate where the surplus had not been " distributed " on the 1st day of May, 1929. Subdivision 16 of section 98, as so amended, was repealed, effective September 1, 1930 (Laws of 1930, chap. 174), and all the provisions, except that making it retroactive as to estates not " distributed " on May 1, 1929, were re-enacted as subdivision 15 of section 83, effective September 1, 1930 (Laws of 1929, chap. 229). Should it be determined that the· estate of Carl L. Chamberlin, deceased, was " distributed " by the 1920 decree, the order appealed from should be affirmed. It should be reversed if the fund held by the State Treasurer is an undistributed portion of the estate.

Concerning the judicial settlement of an estate, the Surrogate's Court Act directs " where an account is judicially settled, * * * and any part of the estate or fund remains and is ready to be distributed, the decree must direct the payment and distribution thereof to the persons so entitled " (§ 267). This is followed by other sections containing directions concerning the distribution of an estate and the contents of the decree entered in that connection. One (§ 272) directs, " where the person entitled to a legacy or distributive share is unknown, the decree must direct the * * * administrator * * * to pay the amount thereof to the comptroller of the state," and provides procedure for its withdrawal, if a claimant appears.

When the Legislature used the word " distributed " in the Decedent Estate Law (§ 83, subd. 15), which determines those persons who are to take a decedent's estate, it was in the same sense as in the Surrogate's Court Act (§ 267), which governs the procedure to effectuate the Decedent Estate Law. When a word is used in different parts of the same statute, there is a presumption that the Legislature intended the same concept each time. (*Mangam* v. *City of Brooklyn*, 98 N. Y. 585.) The same is true if the word is

used in different statutes if they are related or similar in character. (*Brackett* v. *Harvey*, 25 Hun, 502.) An estate wherein a final settlement had been had and a decree thereon entered before May 1, 1929, had been distributed and the new statute did not apply.

The 1920 decree was a final judgment and determined the ownership of the Carl L. Chamberlin estate. It " is conclusive evidence " as to the amount of the distributive share belonging to the petitioner. (Surr. Ct. Act, § 274.) It finally determined that the fund now sought was the property of the consanguine next of kin of Carl L. Chamberlin and such persons, if ever found, may claim and receive it from the State Treasurer. If no person of that class ever claims the fund, the State is entitled to continue its beneficial custody. A decree judicially settling an administrator's account is conclusive as to the property accounted for as against an interested party of whom the court obtained jurisdiction by citation. (*Altman* v. *Hofeller*, 152 N. Y. 498; *Matter of Hodgman*, 140 id. 421.) Should it be determined that a distribution of this estate has not been had and the decree made more than a decade ago set aside, the decree in every estate wherein a deposit with the State Treasurer has been made for the benefit of unknown next of kin since the genesis of the law of distribution in this State, may be set aside and the new law applied. Such was not the legislative intent.

The order of the surrogate should be affirmed, with costs.

BLISS, J., concurs.

Decree reversed on the law, with costs to the appellants payable out of the estate, and the relief prayed for granted, with costs to the appellants payable out of the estate.