PER CURIAM.
Under the procedures authorized by Rule 11.06(11) (a) of the Integration Rule, 32 F.S.A., the Board of Governors of The Florida Bar petitions for the disbarment of respondent, Conway E. Boone, Jr., a member of The Florida Bar.[1] On November 5, 1970, the Board directed that charges be filed against respondent relating to six separate counts of conversion of funds held in trust as the result of real property transactions. The total of the sums converted amounted to approximately $55,500.00.
On December 14, 1970, respondent acknowledged service of the complaint filed against him. By way of answer, he plead guilty to all counts alleged in the complaint. On this same day, he voluntarily appeared with counsel at the office of the Assistant Staff Counsel for The Florida Bar in Miami, Florida, and gave testimony reaffirming his prior written plea of guilty. The plea and a transcript of the proceedings before the Assistant Staff Counsel were transmitted to the Board of Governors. On January 14, 1971, the Board voted to petition this Court for respondent’s disbarment.
The instances of conversion complained of, and admitted by respondent, are sufficient to warrant disbarment. No argument has been requested, and no response has been filed by respondent. We now find that Conway E. Boone, Jr., has violated his Oath as an Attorney and Rules 1, 27 and 30 of the Additional Rules Governing the Conduct of Attorneys in Florida (the offenses occurred prior to the effective date of the amendment of Article X; see In re Integration Rule of The Florida Bar, 235 So.2d 723 (Fla.1970) at 726).
Accordingly, it is the judgment of this Court that respondent, Conway E. Boone, Jr., be disbarred from the practice of law in the State of Florida.
It is so ordered.
ERVIN, Acting C. J., and CARLTON, ADKINS, McCAIN and DEKLE, JJ., concur.

. Although the record proper is silent as to any plea “tendered before filing of a complaint by bar counsel,” it appears from the transcript submitted with this cause that respondent did indicate that lie would plead guilty to charges before a formal complaint was filed. In the future, we will expect that the tender of plea be made part of the record. If this is not made an express part of the record, it will be difficult for this Court to determine whether Rule 11.06(11) (a) or Rule 11.06(11) (b) should apply.