388 So.2d 629 (1980)
LIVE AND LET LIVE, INC., Petitioner,
v.
CARLSBERG MOBILE HOME PROPERTIES, LTD.-'73, and Carlsberg Resources Corporation, Respondents.
No. SS-393.
District Court of Appeal of Florida, First District.
September 25, 1980.
*630 Herman S. Paul of Lewis, Paul, Isaac & Castillo, Jacksonville, for petitioner.
C. Harris Dittmar and Charles P. Pillans, III, of Bedell, Bedell, Dittmar & Zehmer, Jacksonville, for respondents.
PER CURIAM.
This is a petition for writ of common law certiorari to review an order of the trial court which, among other things, granted the motion of respondents, defendants below, to require withdrawal of Herman S. Paul and the firm of Lewis, Paul, Isaac and Castillo, P.A., as counsel for petitioner.
The suit below is an action for damages for breach of contract which was originally filed by petitioner against one of the present respondents, Carlsberg Mobile Homes Properties, Ltd.-'73, a California limited partnership. The cause was then removed to the U.S. District Court for the Middle District of Florida on motion of the respondent alleging diversity of citizenship between it and petitioner. There a second respondent, Carlsberg Resources Corporation, a California corporation, the general partner of respondent partnership, was added as an additional defendant. Before commencement of trial in the federal court, counsel for respondents moved to dismiss the action on the grounds of lack of jurisdiction contending that the limited partnership had limited partners who were residents of Florida which destroyed the diversity. The motion was denied. The case was then tried by jury, and a verdict was rendered in favor of petitioner in the sum of $834,020.04. Respondents subsequently renewed their motion to dismiss for lack of diversity jurisdiction, and the trial court granted same, setting aside the judgment and remanding the cause to the state court from which it had come. Thereafter, former counsel for respondents withdrew and were replaced by present counsel for respondents.
Petitioner contends that the trial court's order requiring withdrawal of its attorney and substitution of new counsel is a departure from the essential requirements of law.
The Disciplinary Rules which are a part of the Code of Professional Responsibility promulgated by the Supreme Court of Florida, In Re Integration Rule of the Florida Bar, 235 So.2d 723 (Fla. 1970), set the minimum standards of conduct for attorneys and, in this case, DR 5-101(B) and Dr 5-102(A) and (B) provide the standards for determining the correctness of the Circuit Court's order. DR 5-101(B) provides:
A lawyer shall not accept employment in contemplated or pending litigation if he knows or it is obvious that he or a lawyer in his firm ought to be called as a witness, ...
DR 5-102 provides:
(A) If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that he or a lawyer in his firm ought to be called as a witness on behalf of his client, he shall withdraw from the conduct of the trial and his firm, if any, shall not continue representation in the trial, ...

*631 (B) If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that he or a lawyer in his firm may be called as a witness other than on behalf of his client, he may continue the representation until it is apparent that his testimony is or may be prejudicial to his client.
The ethical considerations underlying the canons and disciplinary rules deal specifically with the reason why an attorney cannot act both as attorney and witness. EC 5-9 provides as follows:
Occasionally a lawyer is called upon to decide in a particular case whether he will be a witness or an advocate. If a lawyer is both counsel and witness, he becomes more easily impeachable for interest and thus may be a less effective witness. Conversely, the opposing counsel may be handicapped in challenging the credibility of the lawyer when the lawyer also appears as an advocate in the case. An advocate who becomes a witness is in the unseemly and ineffective position of arguing his own credibility. The roles of an advocate and of a witness are inconsistent; the function of an advocate is to advance or argue the case of another, while that of a witness is to state facts objectively.
Also pertinent is Ethical Consideration 5-10, which provides as follows:
... In the exceptional situation where it will be manifestly unfair to the client for the lawyer to refuse employment or to withdraw when he will likely be a witness on a contested issue, he may serve as advocate even though he may be a witness. In making such decision, he should determine the personal or financial sacrifice of the client that may result from his refusal of employment or withdrawal therefrom, the materiality of his testimony, and the effectiveness of his representation in view of his personal involvement. In weighing these factors, it should be clear that refusal or withdrawal will impose an unreasonable hardship upon the client before the lawyer accepts or continues the employment. Where the question arises, doubts should be resolved in favor of the lawyer testifying and against his becoming or continuing as an advocate.
This lawsuit grew out of a failure of respondents to purchase a mobile home park from petitioner on a purchase-and-lease-back agreement. Petitioner contends respondents breached the contract, and respondents contend that petitioner did not comply with the conditions of the agreement and, thus, itself breached the contract. Mr. Paul, who represented petitioner in the transaction is a central figure in this lawsuit. In addition to being the attorney for petitioner, he was the escrow agent in the transaction. From the testimony in the previous trial and depositions which have been taken subsequent thereto of Mr. Paul and others in preparation for the new trial, it appears that conflicts will develop at the trial as to what Mr. Paul knew or was told in relation to the contingencies and the closing out of the transaction. Mr. Paul contends that he can adequately present his client's side of the case by using witnesses other than himself. Attorneys for respondents, however, state that if Mr. Paul does not testify, they will call him as a witness, and his credibility will become an issue.
Mr. Paul calls attention to Ethical Consideration 5-10, quoted above, relating to the exceptional situation where it will be manifestly unfair to the client for the lawyer to refuse employment or to withdraw when he will likely be a witness on a contested issue and that in such circumstance he may serve as an advocate even though he may also be a witness. While we regard Mr. Paul as a very competent and capable lawyer, it does not appear that this case is of such an exceptional nature that his client cannot find other competent counsel to represent him. Also we call particular attention to the final sentence of Ethical Consideration 5-10, which provides that "where the question arises, doubts should be resolved in favor of the lawyer testifying and against his becoming or continuing as an advocate." Compare Supreme Beef Processors v. Am. Consumer Industries, 441 *632 F. Supp. 1064 (N.D.Tex. 1977); and Miller Elec. Const., Inc. v. Devine Lighting Co., Inc., 421 F. Supp. 1020 (W.D.Pa. 1976).
We find no departure from the essential requirements of law by the trial judge in his requiring that Mr. Paul withdraw as attorney for petitioner and new counsel be substituted.
Certiorari denied.
MILLS, C.J., and McCORD and BOOTH, JJ., concur.