**In the Matter of Marjorie C. DOUGHTY, Debtor.**

**Peter and Flora CASTELLANO, Plaintiff,**

v.

**Marjorie DOUGHTY, Defendant.**

Bankruptcy No. 84–2468.
Adv. No. 84–542.

United States Bankruptcy Court, M.D. Florida, Tampa Division.

May 13, 1985.

Brian J. Almengual, Tampa, Fla., for plaintiff.

Jeffrey A. Aman, Tampa, Fla., for defendant.

## ORDER ON MOTION TO DISQUALIFY COUNSEL

ALEXANDER L. PASKAY, Chief Judge.

THIS CAUSE came on for hearing upon a Motion to Disqualify Counsel filed by Marjorie C. Doughty (Debtor), the Defendant in the above-styled adversary proceeding. The Debtor seeks the entry of an Order disqualifying the law firm of Gibbons, Smith, Cohn and Arnett, P.A. from serving as counsel to Peter and Flora Castellano, the Plaintiffs. The Motion is based on the grounds that Roy W. Coh, Esquire, of Gibbons, Smith, Cohn and Arnett, P.A. possesses knowledge of facts that would support essential allegations of the complaint and that because he alone has knowledge of those facts, he "ought" to be called as a witness on behalf of his client. The basis of Mr. Cohn's alleged "knowledge" is the contention by the Debtor that after she defaulted on a promissory note executed in favor of the Plaintiffs on March 30, 1983, she had several conferences with Mr. Cohn at which no other party was present. It is the Debtor's position that the subject matter of those conferences bears directly on the issues in this controversy. Thus, the Debtor contends that it is obvious that Mr. Cohn "ought to" be called as a witness on behalf of his client.

Disciplinary Rule 5–102(A) of the Code of Professional Responsibility provides:

(A) If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that he or a lawyer in his firm ought to be called as a witness on behalf of his client, he *shall withdraw from the conduct of the trial and his firm, if any, shall not continue representation in the trial*, except that he may continue the representation and he or a lawyer in his firm may testify in the circumstances enumerated in DR 5–101(B)(1) through (4). (emphasis supplied)

DR 5–102(A).

The proper test to be applied is whether counsel *ought* to appear as a witness. *Florida Realty, Inc. v. General Development Corporation*, 459 F.Supp. 781 (S.D.Fla.1978). *Groper v. Taff*, 717 F.2d 1415 (D.C.Cir.1983), "where the question arises doubts should be resolved in favor of the lawyer testifying and against his becoming or continuing as an advocate." Ethical Consideration 5–10, Code of Professional Responsibility. *See, Live and Let Live, Inc. v. Carlsberg Mobile Home Properties, Ltd.*, 388 So.2d 629 (Fla. 1st DCA 1980).

Based on the foregoing principles as applied to this record, this Court is satisfied that none of the four exceptions enumerated in DR 5–101(B)(1) through (4) are

applicable; it appears that Mr. Cohn ought to be called as a witness on behalf of his client; and that the Debtor's Motion for Disqualification is, therefore, meritorious and shall be granted. Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED that the Motion to Disqualify Counsel Filed by Marjorie C. Doughty be, and the same hereby is, granted and the law firm of Gibbons, Smith, Cohn and Arnett be, and the same hereby is, disqualified to represent the Plaintiff in the above-styled adversary proceeding. The Plaintiffs shall have 15 days to obtain new counsel, and a pretrial shall be held before the undersigned on July 22, 1985 at 10:15 a.m. in Room 703, 700 Twiggs St., Tampa, Florida.