77 So.2d 611 (1955)
Hattie S. ZINNSER, Irene Worster and Edna C. Rutkin, Appellants,
v.
B.A. GREGORY, Lloyd B. Browning and Donn Gregory, as Executors of the Will of Emmitte H. Carter, Deceased, Appellees.
Supreme Court of Florida. En Banc.
January 25, 1955.
Ramseur, Bradham & Clark, St Petersburg, Joseph P. Lieb and Fowler, White, Gillen, Yancey & Humkey, Tampa, and Cotton & Shivers, Tallahassee, for appellants.
Gregory & Cours, Tampa, for B.A. Gregory, Lloyd B. Browning and Donn Gregory as Executors of the Will of Emmitte H. Carter, Deceased, Hardee & Hardee and Paul Game, Tampa, for Mildred E. Dennis, appellees
MURPHREE, Associate Justice.
Emmitte H. Carter executed his last will and testament on February 13, 1953, and *612 died of a heart attack the following day, leaving an estate valued at nearly $500,000. Surviving was a brother, a sister, and four nieces, the children of a deceased brother and sister. The will was duly admitted to probate, but shortly thereafter three of the nieces, appellants herein, filed their petition to revoke the probate of the will.
The estate consists principally of improved real estate in St. Petersburg and Tampa, Florida. It was acquired by the decedent through a deed from and under the will of his sister, Rhoda L. Jones, who died in 1947.
Carter, in his will, remembered his sister, Loca L. Brock, his brother, Sumter A. Carter, and "his friend" Mildred E. Dennis, but left nothing to any of his nieces. The will provided a life annuity of $150 per month for his sister, together with a life estate in a place of residence, with taxes, insurance and maintenance expenses paid; a life annuity of $100 per month for his brother, and the use for life of a farm with taxes, insurance, and maintenance expenses paid; and for "his friend", Mildred E. Dennis, an annuity for life of $500 per month, and some silverware of no great value. Subject to the foregoing, the residue of the estate was placed in trust with the three designated executors to be eventually used for the purpose of establishing a hospital to be known as the "Emmitte H. Carter Memorial Hospital", upon the site of testator's home place at Tampa.
B.A. Gregory, who was Emmitte H. Carter's personal attorney for many years, drafted the will in question. Named therein as executors and trustees of the estate were B.A. Gregory, his son, Don Gregory, and Lloyd B. Browning.
Carter's will vested in the executors very broad powers relative to the administration of the estate, provided that they should serve without bond, and left to their discretion the time and the manner in which the "Emmitte H. Carter Memorial Hospital" was to be set up and operated, subject to the said bequests to Loca L. Brock, Sumter A. Carter and Mildred E. Dennis.
Appellants advance three theories in their petition to revoke the probate of Carter's will, namely:
(1) That Carter acquired the estate by deed and device from his sister, Rhoda A. Jones, with the verbal understanding with her that he would eventually divide the same among her relatives, which included the appellants. Carter, therefore, held the property of the estate under a resulting or constructive trust, and could not legally dispose of it by will to the exclusion of the appellants.
(2) That Mildred E. Dennis and B.A. Gregory through the exercise of undue influence upon Emmitte H. Carter caused him to execute the said will.
(3) That Carter was suffering from Monomania, directed toward his relatives, to the extent that he was devoid of testamentary capacity to make a valid will, insofar as the appellants were concerned.
To the petition, motions to dismiss and motions to strike most of its principal allegations, were filed by the appellees, Mildred E. Dennis and the three executors of the estate. The Probate Court concluded that the facts alleged in the petition were not sufficient to warrant revocation, so the motions to dismiss were sustained. On review, the Circuit Judge affirmed the ruling of the County Judge.
In taking this appeal, appellants have listed thirty-four assignments of error. After considering each of them it appears to us that this cause can be fairly determined by an examination of the three theories advanced by appellants in their petition to revoke probate of the will, as stated above.
The contention that Carter held title to the estate, consisting principally of real estate, in trust for the heirs of Rhoda A. Jones, and therefore, could not by will divest appellants of their alleged interest therein, provokes the question of jurisdiction of the Probate Court to determine title to the said real estate. Both courts below correctly held that this issue was determinable only in the Circuit Court. Inasmuch *613 as the contest here is by claimants against the estate, rather than being a contest between beneficiaries of the estate, it could not be otherwise. See: In re Lawrence's Estate, Fla., 45 So.2d 344, 345, wherein it is said:
"It clearly follows that when, as here, it is made to appear that third parties bona fides assert title adverse to the estate in real estate claimed by the personal representative or beneficiaries to constitute a part of the estate, resort must be had to the Circuit Court to settle such question of title, if this is necessary to a proper administration of the estate. We do not hold that as between the beneficiaries of an estate, claiming as such, real estate, title to which is in question, may not be dealt with as a part of the estate, and the jurisdiction of the County Judge exercised with respect thereto. But, as between the estate (or beneficiaries) and third persons, the determination of title to real estate can only be made by the Circuit Court."
Undue influence was defined by this Court in the case of In re Peters' Estate, 155 Fla. 453, 20 So.2d 487, 492, as follows:
"Undue influence contemplates over persuasion, coercion, or force that destroys or hampers the free agency and will power of a testator. Mere affection or attachment or a desire to gratify the wishes of one highly esteemed, respected or trusted may not of itself amount to undue influence affecting the testamentary capacity of a testator. See Newman v. Smith, 77 Fla. 633, 82 So. 236. To authorize a court to deny or revoke the probate of a will on the ground of undue influence there must be active use of such influence for the purpose of securing the execution of the will to such an extent as to coerce the mind of the testator, so that it cannot be said that the testator was acting voluntarily of his or her own free will and volition."
With respect to the charge of undue influence against Mildred E. Dennis, the petition alleges:
"Mildred E. Dennis * * * had no claim whatever on the bounty of the said Emitte H. Carter * * * On repeated occasions the said Mildred E. Dennis stated that Emmitte H. Carter feared her and was under the greatest degree of apprehension from her. She also stated that Loca L. Brock, the sister of Emmitte H. Carter, could not visit in his home without her consent, and that Emmitte H. Carter could not visit in the home of Loca L. Brock without her consent * * * that Mildred E. Dennis exerted a baneful influence over the said Emmitte H. Carter; and that the testamentary bequest to the said Mildred E. Dennis in said purported will was due to undue influence and unnatural persuasions; * * *"
Such vague generalities and conclusions clearly fail to depict a course of conduct on the part of Mildred E. Dennis within the definition of undue influence.
As to the charge of undue influence against B.A. Gregory, the petition contains the following:
"* * * B.A. Gregory was in a position of the highest degree of trust and confidence with the said Emmitte H. Carter; that because of said confidential relationship * * * it was the imperative duty of the said B.A. Gregory not to draw any instrument that would place in the hands of the said B.A. Gregory a substantial portion of the estate of his client; that disregarding said confidential relationship and the duties attendant thereon, the said B.A. Gregory drafted a document that vested the said B.A. Gregory and his co-trustees with what amounts to a life interest or estate in the property of the said Emmitte H. Carter; that said conduct on its face shows fraud, duress, and undue influence; that the drafting of such document is *614 in itself a badge of fraud and that said document creating such interest in the said B.A. Gregory, being drafted under the circumstances aforesaid, is presumptively null and void * * *."
Despite the intimation of the petition that the will vested a life interest in the property of the estate in B.A. Gregory and his co-trustees, the will itself clearly shows that they were neither legatees nor devisees.
We have recognized that where a person, standing in fiduciary relationship to the testator, is active in the procurement of a will in which he is made a substantial beneficiary, a presumption of fact will arise that the will is the result of undue influence and the burden will be upon the beneficiary to show that such influence was not exercised. See: In re Palmer's Estate, Fla., 48 So.2d 732, and the authorities therein cited, especially the discussion in Redfearn on Wills and Administration of Estates in Florida (2d Ed.), Section 52.
B.A. Gregory as the personal attorney for Emmitte H. Carter stood in a fiduciary relationship when he drafted the will in question, but B.A. Gregory was not a beneficiary of the estate, unless the emoluments to be derived from his position as executor and trustee be deemed the equivalent.
Appellants argue that the foregoing is sufficient to invoke the presumption of undue influence against B.A. Gregory, and in support of their position lay stress upon the Alabama case of Zeigler v. Coffin, 1929, 219 Ala. 586, 123 So. 22, 63 A.L.R. 942. In that case Coffin, an attorney, drew Zeigler's will in which an active trust was created and Coffin was named as executor with practically unlimited power and authority in the administration of the estate. Coffin was very active in the preparation and execution of the will. Such factor alone distinguishes that case from this; however, the Alabama court did classify Coffin as a beneficiary in view of the fees and other emoluments that would naturally enure to him in the course of administering the trust.
We cannot agree, however, that an attorney who is neither legatee nor devisee, but is named as executor in a will drafted by him for his client, has such a beneficial interest in the estate as to give rise to the presumption of undue influence on his part. This view finds support in cases from a number of other jurisdictions. See: Shelton v. McHaney, 1936, 338 Mo. 749, 92 S.W.2d 173; Breadheft v. Cleveland, 1915, 184 Ind. 130, 108 N.E. 5; In re Dobrzensky's Estate, 1951, 105 Cal. App.2d 134, 232 P.2d 886; In re Heaverne's Estate, 1926, 118 Or. 308, 246 P. 720; In re Heitholt's Estate, 1950, 202 Okla. 351, 213 P.2d 865. Also annotations in 63 A.L.R. 948, 66 A.L.R. 244, and 154 A.L.R. 589.
Appellants concede the general testamentary capacity of Emmitte H. Carter at the time he executed his will, but contend that due to monomania directed toward his relatives, he was mentally incapable of making a valid will that would exclude as beneficiaries the appellants, his nieces.
In Hooper v. Stokes, 107 Fla. 607, 145 So. 855, 857, 146 So. 668, Monamania was defined as follows:
"Monomania, sometimes designated paranoia, has reference to a craze or mania for a single object or class of objects. The subject of it may be perfectly sane as to all other objects. As with an insane delusion, monomania presupposes a species of mental disease. A mere belief in a state of facts, however imperfect or illogical, will not support an insane delusion. It must be the offspring of an unsound or deranged condition of the mind. * * *
"An insane delusion has been defined as a spontaneous conception and acceptance as a fact, of that which has no real existence except in imagination. The conception must be persistently adhered to against all evidence and reason. It has also been defined as a conception originating spontaneously in the mind without evidence of any kind to support it, which can be accounted for on no reasonable hypothesis, *615 having no foundation in reality, and springing from a diseased or morbid condition of the mind. Numerous other definitions might be cataloged, but the ultimate test applied by all is that the aberration must be such as indicates a diseased or deranged condition of the mind."
In support of the charge of monomania, appellants alleged in their petition that Emmitte H. Carter, without any basis in fact or reason, had a fixed obsession that his family mistreated him as a boy, that they were persecuting him and were hostile to him, that anonymous threats were being made against his life, that he was being hunted by people who sought to take his life, that he kept his house securely locked at all times with shades drawn even in the day time, and that he possessed other eccentricities besides.
Assuming all that to be sufficient to show the existence of a diseased or deranged condition of mind, in order to constitute monomania, insofar as the appellants are concerned, it must appear that they were the object of the alleged delusions or aberrations experienced by Carter. Nowhere in the petition is this specifically alleged, it being indicated only that Carter had it in for his relations generally, as a class. And the hard fact is that Carter did not do badly by his closest of kin, his brother and his sister, and there is no showing that any of his nieces had any special claim to his bounty, by virtue of any particular affection existing between them, or of any service or kindness they may have rendered to their uncle during his life time.
Under those circumstances, we cannot say that the Circuit Judge was in error for endorsing the view of the Probate Court that the allegations of the petition did not constitute monomania.
Appellants also assert as a basis for reversal the fact that their petition was dismissed without leave to amend. It appears, however, that appellants never sought leave to amend before coming here. Where a party thus stands mute it must be assumed that he put his best foot forward at the outset.
The judgment of the Circuit Court in sustaining the ruling of the Probate Court is affirmed.
MATHEWS, C.J., and THOMAS, HOBSON and ROBERTS, JJ., concur.
TERRELL, J., dissents.
DREW, J., not participating.