John D. Bennett, ¡8.
The coadministrator petitions this court for the removal of his coadministratrix. The coadministrator, who is a son of the decedent and a distributee of the estate, falls into the category of a “ person interested ” enabling him to commence this proceeding against the coadministratrix, who is the widow of the decedent.
*32 The widow although duly cited has failed to answer to the allegations of the petition and therefore such allegations must be deemed admitted. The sole question remaining is whether as a matter of law, such allegations are sufficient to warrant the removal of the respondent (see Matter of Irving, 153 Misc. 807; 2 Warren’s Heaton on Surrogates’ Courts, § 132, par. 5, subd. [a]).
The following facts are set forth in the petition. The decedent during his life was a partner with a one-half interest in a business known as “ Art Upholstery Shop ” at Freeport, New York. The partnership agreement to which the decedent was a party provided for the purchase of the partnership by the surviving partner, the purchase price to be the book value of the partnership as determined by the accountant then in charge of the partnership books as of the date of death of the deceased partner. The book value as determined by the agreement indicated a deficit and that the liabilities of the partnership exceeded the assets.
The widow, not being satisfied with this result, obtained counsel and demanded an audit of the partnership books by an accountant of her own choice. The report of such latter accountant resulted in substantially the same determination, namely, that the partnership is operating at a deficit.
Notwithstanding these facts, and despite the efforts'- of her own attorney to convince her of the necessity of co-operating in winding up the estate, the respondent has refused to proceed in the due administration of this estate. More than a year has elapsed since the death of the decedent and the funeral bill among others remains unpaid.
‘ ‘ An abiding inertia, indifference or design to thwart or retard the administration of an estate is sufficient cause for removal of a co-executor. Matter of Boyle, 166 App. Div. 504, 151 N. Y. S. 1022. * * * Improper conduct, constant dissensions with a co-executor and failure to properly administer an estate preclude an executor’s continuance in office.” (Matter of Weinbender, 110 N. Y. S. 2d 895, 897; see, also, 2 Warren’s Heaton on Surrogates’ Courts, § 132, par. 1, subd. [o]).
The application is in all respects granted and Mary Jaffe is directed forthwith to render an intermediate account.
Settle decree on five days ’ notice.