WIGGINTON, Judge.
Appellants seek review of a final order rendered by the County Judge of Gadsden County sitting in probate which denied their petitions to revoke the last will and testament of the decedent, William Nelson.
By his last will the decedent bequeathed the major portion of his substantial estate to appellees in trust with unlimited discretion to distribute the income or corpus thereof for such religious, educational, scientific, charitable, or literary purposes as they shall see fit. Appellees were also named as executors of the will, without bond, which was prepared and drafted by them and kept in their exclusive possession from the date of its execution until the time of decedent’s death. Appellants contend that because of the compensation which appellees will receive both as executors of the will and trustees of the residuary estate, and the fees which they are in position to allow to the law firm of which they are partners for legal services to be rendered them in their official capacities, coupled with their unlimited discretion to determine the length of time the trust shall continue in existence and the purposes for which its assets shall be utilized constitute appellees as beneficiaries of the will. Appellants contend that because of the foregoing facts a fiduciary relationship existed between appellees and the decedent which, because of their beneficial interest in the will, gave rise to the presumption of undue influence.[1] Appellants contend the trial court erred in holding that under the circumstances of this case appellees were not for all intents and purposes beneficiaries of the will on whom rested the burden of rebutting the presumption of undue influence upon the decedent in the preparation and execution of his will.
In Zinnser v. Gregory[2] the Supreme Court of Florida held that if an attorney is named as executor in a will drafted by him for his client, but is not named as a legatee or devisee, he does not have such a beneficial interest in the estate merely because of the anticipated compensation he will receive as to give rise to the presumption of undue influence on his part. Appellants recognize the foregoing rule, but contend that in the case sub ju-dice the appellees’ involvement in the decedent’s estate is much more extensive than was that of the attorneys involved in the Zinnser case. Here the attorneys not only prepared, drafted, and attended to the execution of decedent’s will as his attorneys, but retained the will in their exclusive possession until decedent’s death. They named themselves both executors of the will and trustees of the estate, with an additional member of their firm as successor trustee. The residuary trust estate consists of the greatest portion of the decedent’s total estate from the income of which appellees are entitled to compensation for services to be rendered in their official capacities. In addition they have the *224 sole authority, subject to court approval,[3] for fixing- the fees to be allowed the law firm of which they are members for legal services to be rendered throughout the administration of both the estate and the testamentary trust. Of equal importance is the uncontrolled discretion of appellees as trustees to decide for which religious, charitable, literary, educational, or scientific purpose the assets of the trust estate shall be expended, and the amount to be allocated for each such purpose. It is our view that under the peculiar provisions of the will here considered appellees are in truth and in fact beneficiaries of the estate even though they are not named in the will as legatees or devisees. One would be indeed naive to indulge a contrary presumption. We hasten to add that there is no hint nor intimation in the evidence that ap-pellees intend to or will ever consider taking any action as trustees primarily for personal gain which would constitute an abuse of their official discretion in the administration of the trust estate, and no such action is presumed. Such factor is, however, irrelevant to a determination of whether the provisions of the will involved herein confer upon the designated trustees real and substantial tangible or intangible benefits over and above the compensation they are privileged to demand for the services which they will render in a perfectly legal and proper manner.
The Supreme Court of Alabama reached a similar conclusion on similar facts in the case of Zeigler v. Coffin.[4] In that case the court held as a matter of law that the compensation which the attorney trustee would receive for his services to be rendered as trustee under the will which he drafted, together with the almost unlimited discretion and control he had in the management of the trust estate, constituted him a beneficiary under the will although he was not named as a legatee or devisee therein. In this connection the court said:
“It is true that he will receive directly only compensation for his services, but the collateral benefits which will naturally follow such free and complete power and discretion, we think, in connection with the large fees he will receive, all together constitute him one benefited by those provisions of the will making him a trustee and which were not in the will prepared by the banker friend of decedent, and apparently never suggested or thought of until he reached Mobile. So that we think and hold that he has such a beneficial interest created by the will he wrote as to bring him within that aspect of the rule fixing the burden of proof as first hereinabove written.”
The court then proceeded to hold that the attorney trustee’s confidential relationship to the decedent and his participation in the benefits of the will were such as to raise a presumption of undue influence on his part, and that it was a factual question to be resolved by the trier of the facts as to whether such presumption is rebutted by a preponderance of the evidence.
In the case sub judice the trial judge carefully reviewed the evidence adduced by the parties at a five-day trial of this cause and held that even if a presumption of undue influence did arise, appellees had successfully rebutted that presumption by a preponderance of the evidence. Our review of the record reveals a sharp conflict in the evidence on this issue, but we find competent evidence to support the trial court’s finding and conclusion.[5] He had the advantage of observing the witnesses who testified before him. It was his prerogative to pass upon the credibility of their testimony and determine the weight which should be given to it. Indulging the principle that the trial court’s findings are clothed with a presumption of correctness, we cannot with justification *225 hold that he misconceived either the weight or legal effect of the evidence, or applied to it an incorrect principle of law.[6] For these reasons the order appealed is affirmed.
CARROLL, DONALD K., Acting C. J., and RAWLS, J., concur.

. In re Knight’s Estate (Fla.App.1959), 108 So.2d 629.

. Zinnser v. Gregory (Fla.1955), 77 So.2d 611.

. F.S. § 737.22, F.S.A.

. Zeigler v. Coffin (1929), 219 Ala. 586, 123 So. 22, 24, 63 A.L.R. 942.

. In re Starr’s Estate, 125 Fla. 536, 170 So. 620.

. Old Equity Life Insurance Co. v. Levenson (Fla.App.1965), 177 So.2d 50; Stoller v. Jaffe (Fla.App.1961), 125 So.2d 310.