OWEN, Judge.
In this case the validity of a will was contested on the grounds that the will was a result of undue influence exerted upon the testatrix by the principal beneficiary thereunder. The county judge entered an *600 order sustaining the validity of the will from which order the contestant appeals.
Appellant’s first point is that the probate court erred in finding that decedent’s will was properly executed when no evidence or testimony was presented at the trial as to her execution of the will. It is true that a careful examination of the transcript of the trial proceedings held before the probate court fails to disclose any evidence tending to establish the formal execution and attestation of the will, other than the testimony of the lawyer beneficiary that he took the prepared will to the testatrix’ apartment where it was signed by her and witnessed by the apartment owners. This would appear to fall short of the requirements of F.S. Section 732.31, F.S.A., which provides as follows:
“732.31 Burden of Proof in contests. In all proceedings contesting the validity of a purported will, whether before or after such will is admitted to probate, the burden of proof, in the first instance, shall be upon the proponent thereof to establish, prima facie, the formal execution and attestation thereof, whereupon the burden of proof shall shift to the contestant to establish the facts constituting the grounds upon which the probate of such purported will is opposed or revocation thereof is sought.”
Despite the clear language of the statute, we think that appellant must fail on this point. The issue was never raised before the trial court, so far as the record reflects. At the commencement of the trial the contestant requested and received court approval to proceed with the presentation of his case. During cross examination of decedent’s aunt, a specific legatee under the will, appellant’s counsél stated to her that his object was not to invalidate the will as a whole but only the legacy to the lawyer beneficiary. At the conclusion of all of the evidence counsel for the respective parties submitted oral argument to the probate court in which appellant’s counsel stated in argument as follows:
“First of all, I would like to point out to the court that what we are concerned with in this case is one thing, whether or not the respondent, Walter Erickson, exercised undue influence upon Mary Rapé, and that is all we are concerned •with. We are not concerned in anyway with testamentary capacity, and this is unimportant, as I will show to the court in a citation momentarily. We are not concerned with whether or not Mary Rapé knew what she was signing, whether or not she had full capacity to execute a will, because I think frankly she probably did. The only question is zvhether or not undue influence was exercised upon her in the makinq of this will.”
Notwithstanding the statutory provisions regarding the burden of proof in a will contest proceeding, we think it clear that parties to the proceedings can waive the requirement that the burden of proof in the first instance be upon the proponent of the will to establish prima facie the formal execution and attestation thereof. This would not be uncommon in those cases where all parties to the proceedings were satisfied that there was no genuine issue as to the formal execution and attestation of the will. Better practice would be for the counsel for the respective parties to stipulate this fact before the court and have the same transcribed as a part of the court proceedings. But we think the parties can waive the necessity of such proof just as effectively by their conduct and statements to the trial court as by express agreement. We are satisfied that the conduct of the parties in the lower court, together with the absence of any objection raised there that the will proponent did not in the first instance establish prima facie the formal execution and attestation of the will, is totally consistent with a waiver on the part of the contestant that the will proponent meet such burden of proof.
Appellant’s second point is that the court erred in sustaining objections to *601 questions propounded to the lawyer beneficiary as to whether he had had sexual relationship with the testatrix and if so, when and where the same had occurred. Any error in this regard must be considered harmless in view of the overwhelming evidence, not only from other witnesses but from admissions made by the lawyer beneficiary, establishing that he and the testatrix had carried on an illicit love affair which commenced prior to the execution of the will in August, 1965, and continued with regularity thereafter until shortly before the decedent’s death in August, 1969. F.S. Section 59.041, F.S.A.
Appellant’s final point is that the court erred in its order denying the petition for revocation of probate by finding that a presumption of undue influence did not arise from the evidence in this case. Actually, the court made no finding concerning a presumption of undue influence arising. The order does contain an affirmative finding that the will was not the result of any undue influence on the part of the principal beneficiary, Walter Erickson, and that no fraud, artifice, overreaching or deception was practiced by the lawyer upon the testatrix. Obviously, the factual situation was such as would clearly give rise to a presumption of undue influence. Zinnser v. Gregory, Fla, 1955, 77 So.2d 611. It should be emphasized that the presumption is a rule of law and is productive of certain procedural consequences when not rebutted, Guile v. Boggs, Fla.1965, 174 So.2d 26; but the presumption is not itself evidence and has no probative value. In re Estate of Carpenter, Fla.App.1970, 239 So.2d 506; 9 Wigmore, Evidence, § 2491. When a party against whom a presumption operates submits credible evidence which contradicts either the evidentiary facts giving rise to the presumption, or the fact presumed, the presumption vanishes and the issue is .determined on the evidence just as though no presumption had ever existed. In re Estate of Carpenter, supra. Without reciting the evidence, suffice it to say that it not only sustains but also preponderates in support of the trial court’s findings that the will was not the result of any undue influence on the part of the principal beneficiary, Walter Erickson, but rather was the true act and deed of the decedent freely and voluntarily made and executed in accordance with her true wishes.
While we do not in the least condone either the professional or personal conduct of the lawyer beneficiary, we are satisfied that the order of the probate court sustaining the validity of the will has not been shown to be in error and it is therefore affirmed.
Affirmed.
CROSS, C. J., and MELVIN, WOODROW, Associate Judges, concur.