HENDRY, Judge.
Appellant Hartley seeks review of an order granting the petition for revocation of probate of the last will and testament of decedent Hee. We express the view that the order should be affirmed.
*847 The order appealed entered by Judge Dowling, in pertinent part, reads as follows :
“This cause came on to be heard before the Court on the petition of Juliana Hee Toth, Maria P. Andras, Bertha Hee and Sandor Hee, sisters and brothers of the decedent, Louis Hee. They seek to revoke the admission to probate of an alleged last will and testament of the decedent, Louis Hee, heretofore admitted, to probate by this Court on June 2, 1969. Petitioners allege that the last will and testament admitted to probate was the product and result of undue influence exercised upon the decedent by certain members of a religious organization known as Jehovah’s Witnesses and that by their undue influence and coercion the decedent left his entire estate to the Watch Tower Bible and Tract Society, a Pennsylvania Corporation, the parent organization of the religious organization known as Jehovah’s Witnesses.
“The Court has heard extensive testimony in support of the petition for revocation and from the proponents of the will as well as argument of counsel. Being fully advised in the premises, the Court finds:
“Louis Hee was an elderly resident of Dade County, Florida prior to his death on May 21, 1969. He lived alone and had no immediate next of kin resident in Dade County, Florida. For some time prior to his death he had been in extreme ill health to the point of being confined to his bed a great deal of the time. He was primarily cared for by a friend, Stephen Bertok, who looked after his personal needs for some time prior to his death.
“The evidence before the Court discloses that some few months prior to the death of Mr. Hee members of the religious sect known as Jehovah’s Witnesses called at the home of Mr. Hee to interest him in their literature and religious beliefs. Several return visits were made during which time other members of the religious sect also called upon Mr. Hee. Among these visitors were John Hartley, Jr. and William H. Payne, who are members or ministers of the Jehovah’s Witnesses. During these several weeks of visiting, Mr. Hee remained a member of the Christian Church of his faith and just before his death attended his church on Easter Sunday for Easter Sunday services. He was never a member of the religious sect known as Jehovah’s Witnesses or in any manner connected with the Watch Tower Bible and Tract Society, a Pennsylvania Corporation.
“The evidence before the Court discloses that during the week of March 8, 1969 and shortly before that day Mr. Hartley had sought the services of A. C. Lowery, Esquire, an attorney at law of this city who was an attorney for the Watch Tower Bible and Tract Society to go to the home of Mr. Hee to have a will prepared by him and that it had to be done immediately. Upon Mr. Lowery advising him that he could not immediately take care of the matter, Mr. Hart-ley then proceeded to prepare a will for Mr. Hee’s signature. In company with William H. Payne and Lillie Mae Payne, who were also members of Jehovah’s Witnesses, the three of them proceeded to the home of Mr. Hee where they obtained his execution of the alleged last will and testament on March 8, 1969 in which will Mr. Hartley and W. Harold Payne were named as Co-Executors and the Watch Tower Bible and Tract Society of Pennsylvania was made the sole beneficiary of the will. The will also directed that the funeral services of the testator were to be conducted by a minister of Jehovah’s Witnesses under the direction of the Watch Tower Bible and Tract Society of Pennsylvania. No provision was made for the church of which he was a member, or for any services by the minister of his own church in any manner whatsoever. Immediately after *848 the execution of the will aforesaid on March 8, 1969, the named executor who had prepared and obtained the execution of the will immediately forwarded the original of the will to the main office of the Watch Tower Bible and Tract Society of Pennsylvania at 124 Columbia Heights, Brooklyn, New York, where it remained in the hands of officials of that corporation until the decedent’s death some seventy-five (75) days later.
“No copy of the will was left with the testator. The decedent’s closest friends and minister had no knowledge of the execution of a last will and testament and no disclosure of its existence was made until after the death of Mr. Hee. The Court finds that where a last will and testament, unnatural in its content and disposition, is procured and prepared by the sole beneficiary thereof, either individually or by its agents, officers or members, where they are the sole witnesses to the execution of the will and where it is kept in the possession of the beneficiary without disclosure to anyone, the burden is upon the proponent of the will to show by preponderance of the evidence that the will was in truth and fact the free and voluntary act of the testator and expressed his wish and desires and was not the instrument of undue influence, overreaching or coercion.
“Reviewing the evidence in this cause as a whole and even most favorably in behalf of the proponents of the will, the Court finds that there has been a complete failure on the part of the proponent of the will to carry this burden of proof. The' preponderance of evidence in this cause demonstrates that the last will and testament of Louis Hee which was offered and admitted to probate in this Court was the result of undue influence and overreaching on the part of the members of the religious sect of which the Watch Tower Bible and Tract Society of Pennsylvania is the parent head; that the last will and testament was not the free expression of the decedent, Louis Hee, but was the expression and desire of those who procured the execution thereof. The premises considered and the Court being fully advised in the premises, it is:
“Ordered and adjudged that the order of this Court of June 2, 1969 admitting the proffered last will and testament bearing date March 8, 1969 of the decedent, Louis Hee, be and the same is hereby revoked, cancelled and declared null and void, that the letters testamentary heretofore issued by this Court to John Hartley, Jr., as executor dated June 2, 1969, be and the same is hereby revoked, cancelled and annulled.
We have carefully considered the order appealed in the light of the record, briefs and argument. It is our conclusion that the order appealed should be affirmed for the reasons found in In re Estate of Nelson, Fla.App.1970, 232 So.2d 222, 224-225, wherein it is stated:
“ * * * the trial judge carefully reviewed the evidence adduced by the parties at a five-day trial of this cause * * * Our review of the record reveals a sharp conflict in the evidence on this issue, [undue influence], but we find competent evidence to support the trial court’s finding and conclusion. He had the advantage of observing the witnesses who testified before him. It was his prerogative to pass upon the credibility of their testimony and determine the weight which should be given to it. Indulging the principle that the trial court’s findings are clothed with a presumption of correctness, we cannot with justification hold that he misconceived either the weight or legal effect of the evidence, or applied to it an incorrect principle of law. * * * ” (Footnotes omitted.)
Affirmed.