CARROLL, Judge.
This appeal is by two of the three defendants below, from an order denying their motion for jury trial.
The complaint alleged that on a certain date plaintiff and the defendant Vivian Greene entered into an oral contract whereby Greene agreed to sell to plaintiff 10% of the common stock of the defendant corporation, in consideration for which the plaintiff thereby agreed to
“(a) Provide office space for the Defendant Corporation.
(b) Arrange for 90 day credit on the printing of its greeting card lines.
*136 (c) Arrange for the packaging, wrapping, and shopping of Defendants greeting cards.
(d) Arrange for the delivery of Defendants greeting cards.
(e) Set up the bookkeeping system for Defendant corporation.
(f) Arrange for the billing of Defendants customers.
(g) Pay Defendant Vivian Greene the sum of $250.00”;
that plaintiff had fully performed, and that, in breach of the contract, the plaintiff’s demand for issuance of the stock had been refused.
It was further alleged that the defendant Vivian Greene was president and a director, and the defendant Paul G. Block was a director of the defendant corporation; that the directors and stockholders had failed to hold meetings; that plaintiff had been refused access to the books and records of the corporation; that Vivian Greene had misused and misappropriated assets, inventory and funds of the corporation to the injury of the credit and reputation of the corporation, thereby causing loss to the plaintiff’s interest in the corporation.
The plaintiff prayed for damages, and for equitable relief designed to compel issuance of his stock or a judgment that the corporation held 10% of its stock for him in a constructive trust; that further waste be enjoined; and sought an accounting.
By answer the defendants Vivian Greene and the corporation denied the allegations of the complaint, and demanded jury trial.
An attempt by the plaintiff to seek discovery was objected to by defendants. The court properly sustained objections to discovery relating to the alleged waste and to matters related to an accounting, on the ground that it was prerequisite thereto that the plaintiff establish an entitlement to an accounting, which in turn required that plaintiff prove the making and existence of the disputed contract. Cooper v. Fulton, Fla.App. 1959, 107 So.2d 798, 800. In the order entered thereon it was stated that discovery with reference to the existence of the alleged contract was not thereby precluded.
The defendants Vivian Greene and the corporation filed a motion for jury trial of issues relating to the plaintiff’s claim of entitlement to ownership of 10% of the common stock of the corporation by virtue of the alleged oral contract therefor. It was recited in said motion that the court had made provision for the issues relating to the stock purchase contract to be tried prior to trial of other issues as to accounting, etc. The court entered an order denying the defendants’ motion for jury trial on said preliminary (contract) issues. This appeal was taken by defendants from that order.
In a case of this kind a party is not entitled as of right to have an issue tried by a jury. The matter is one resting in the discretion of the court. Berg v. New York Life Insurance Company, Fla.1956, 88 So.2d 915, 917; Hightower v. Bigoney, Fla.App.1962, 145 So.2d 505, 507 (reversed on other grounds Hightower v. Bigoney, Fla.1963, 156 So.2d 501, 17 A.L.R.3d 1308); St. Sophia Greek Orthodox Community v. Vamvaks, Fla.App.1968, 213 So.2d 313. The ruling denying the motion for jury trial as to the contract should not be disturbed unless it is shown to have been an abuse of discretion. The burden of so showing is upon the party challenging the ruling. We hold that no abuse of discretion has been shown in this instance.
Affirmed.