336 So.2d 631 (1976)
In re ESTATE OF Mary Jo FANELLI, Deceased.
Mary Ann BONGIORNO, Appellant,
v.
Mary Virginia FANELLI, Appellee.
No. 75-392.
District Court of Appeal of Florida, Second District.
August 20, 1976.
*632 Michael L. Kinney of Rood & Kinney, and Edward M. Waller, Jr. of Fowler, White, Gillen, Boggs, Villareal & Banker, Tampa, for appellant.
T.M. Tucker of Harrison, Greene, Mann, Rowe & Stanton, St. Petersburg, for appellee.
HOBSON, Acting Chief Judge.
Mary Ann Bongiorno, the sole beneficiary under the will of Mary Jo Fanelli, appeals a final judgment entered pursuant to a jury verdict finding that testatrix did not have testamentary capacity at the time she executed her will. The circuit court, as a court of probate, declared the purported will to be null and void and of no force and effect and ordered that it be set aside.
The record reflects that the will was executed on February 8, 1973, and that testatrix died a few hours later by suicide due to acute nembutal intoxication. On February 14, 1973, the will was admitted to probate. On September 25, 1973, testatrix's mother, Mary Virginia Fanelli, filed a petition for revocation of probate of the will and requested trial by jury. Appellant Bongiorno filed a motion to strike the request, and the court denied this motion, finding that permitting a jury trial in this case would be discretionary.
Appellant contends that the lower court committed reversible error in submitting the case to a jury. She argues that there is no provision in the constitution or statutes of Florida which requires a jury trial in probate matters and, in fact, § 732.30(2) F.S. 1973 [which was in effect at the time of trial] mandates that the judge shall decide whether or not to revoke probate. Former subsection 732.30(2) provided:
732.30 Revocation of Probate

* * * * * *
(2) Citation to appear and defend shall be served upon the personal representative; and the circuit judge shall, upon the issues made and the proof adduced, confirm or revoke the probate according to the law and justice of the case. (Emphasis added)
Like probate matters, equity cases were not subject to jury trials at common law. The courts of Florida have held, however, that the submission of a factual question in an equity case to a jury is in the discretion of the court. Berg v. New York Life Insurance Company, Fla. 1956, 88 So.2d 915; Vivian Greene, Inc. v. Levine, Fla.App.3d 1973, 287 So.2d 135. Also, in revocation of probation proceedings and juvenile delinquency proceedings the courts have said that a trial judge would have authority to use an advisory jury to determine a disputed issue of fact, although not required to do so. Singletary v. State, Fla.App.4th 1974, 290 So.2d 116; McKeiver v. Pennsylvania, 1971, 403 U.S. 528, 91 S.Ct. 1976, 29 L.Ed.2d 647.
While a party was not entitled as a matter of right to a jury trial in probate proceedings under the former probate laws, there was nothing to prevent a probate judge from using an advisory jury to aid him in resolving the issues. Smith and Armistead v. Croom, Fla. 1857, 7 Fla. 180.
In the instant case the judge heard all the testimony and evidence adduced at the trial, and could have rejected the advisory *633 jury verdict. See Gulf Life Insurance Company v. Urquiga, Fla.App.2d 1971, 251 So.2d 904. Instead, the judge accepted the finding of the jury and upon the issues made and the proof adduced, revoked the probate of the will in compliance with § 732.30(2) F.S. 1973.
The record does not disclose that the jury verdict was contrary to the manifest weight of the evidence, and no such claim has been made by appellant. There is no argument offered to show that the conclusion would have been otherwise if the cause had been tried by the judge without a jury. Under these circumstances it could not be effectively contended that appellant has suffered injury by having the case tried by jury. The error, if any, was harmless. Shores v. Murphy, Fla. 1956, 88 So.2d 294.
We have considered appellant's remaining point on appeal and find it to be without merit.
The judgment appealed is AFFIRMED.
BOARDMAN and SCHEB, JJ., concur.