394 So.2d 132 (1980)
Carola D. ALLEN, Appellant,
v.
In re the ESTATE OF Ellen C. DUTTON, Deceased et al., Appellees.
No. 79-1040/T4-542.
District Court of Appeal of Florida, Fifth District.
December 3, 1980.
Rehearing Denied February 25, 1981.
*133 Ernest J. Rice, Orlando, for appellant.
Leon H. Handley, David W. Roquemore, Jr., Francis E. Pierce, III, Orlando, and Russell Troutman, Winter Park, for appellees.
PER CURIAM.
The appellant, Carola D. Allen, the stepdaughter of Ellen C. Dutton, deceased, appeals from a final judgment denying her any relief in her suit to revoke the probate of Dutton's will because of undue influence. The trial court struck numerous paragraphs of the appellant's petition, and based the final judgment on a summary judgment and a judgment on the pleadings. We conclude this case should not have been decided by summary judgment at that stage. Accordingly we reverse the judgment.
Allen raises seven points in this appeal which must be dealt with because of our disposition of the case:
1. Whether the court erred in granting motions to strike allegations from the amended petition;
2. Whether the court erred in granting appellees' motion for judgment on the pleadings;
3. Whether the court erred in granting a summary judgment;
4. Whether the court erred in granting appellees' attorney fees in the amount of $55,000.00 against the appellant;
5. Whether the court erred in awarding certain costs to the appellees against the appellant;
6. Whether the court erred in striking appellant's motion for a jury trial; and
7. Whether the court erred in denying appellant's motion to require the withdrawal of the law firm (whose senior member allegedly exercised the undue influence) from representation of the estate in these proceedings.

POINTS 1, 2 and 3
The basic question is whether the pleadings and the record clearly show an absence of any genuine issue which could prove or *134 establish undue influence.[1] We must make this determination after reviewing the record in a light most favorable to the appellant.[2]
Although the record contains conflicting statements in depositions and affidavits, for purposes of these summary motions the record establishes the following facts. Ellen married Harry C. Dutton, the appellant's father, in 1938. Ellen and Harry executed various wills from 1961 to 1969. Harry divided his estate into two trusts, a "marital" trust called the Ellen C. Dutton trust, and a "non-marital" trust called the Dutton Family Trust. Ellen was to receive the income for life from both trusts, and she had a power of appointment over the corpus of the marital trust, exercisable by her will. Ellen refrained from exercising this power in her earlier wills. If she failed to exercise this power, the principal of the trust would pour over to the beneficiaries of the non-marital trust-to appellant and her daughter. Harry died in March of 1971.
Thomas Gurney, Sr. had prepared Harry's last will, and he represented the estate. He also prepared Ellen's will which is contested in these proceedings. She executed it in June of 1971. In the new will, Ellen exercised her power of appointment over the trust, and she failed to make any provision for the appellant or the appellant's daughter. Ellen's will named Gurney as executor and recommended the hiring of his law firm to represent her estate. She left specific bequests to three charitable beneficiaries: Stetson University, the Children's Home Society, and the Florida Baptist Orphanage of Lakeland. She had no prior knowledge about, nor interest in, these legatees. Mr. Gurney suggested them to her, and acquainted her with them. The balance of her estate, (which totaled approximately $427,377.00) was to be distributed to such "charitable" beneficiaries[3] as Gurney determined in his absolute discretion.
Ellen's mental and physical health were poor at the time the contested will was executed. She had arteriosclerosis and was senile. Although she was wealthy, she was apprehended for shoplifting in 1971 and once thereafter. Following Harry's death she was particularly depressed. She relied extensively on Gurney and his secretary to cope with ordinary business decisions. They spent a lot of time with her. In 1976 and thereafter, Ellen told the appellant that she (Carola) would inherit from Ellen's estate. She was confused about whether appellant was a beneficiary under her will. Ellen had a close affectionate relationship with appellant which continued until she died in 1978.
These allegations and proofs are sufficient to raise a presumption of undue influence. Florida precedents hold that three elements cause this presumption to arise: (1) the existence of a confidential or fiduciary relationship between the decedent and the procurer of a will; (2) the active participation of the procurer in the planning and drafting of the will; and (3) the realization by the procurer of a substantial benefit under the provisions of the will. In Re Estate of Carpenter, 253 So.2d 697 (Fla. 1971); In Re Estate of Nelson, 232 So.2d 222 (Fla. 1st DCA 1970).
Gurney clearly had a fiduciary or confidential relationship with Ellen, and he was shown to have participated in making substantive decisions concerning the disposition of her estate. Appellees urge, however, that he was not a "substantial beneficiary" and therefore the presumption should not arise. Merely naming himself as executor or trustee, and suggesting the hiring of his law firm would not be sufficient to make Gurney a substantial beneficiary.[4] However, Gurney's absolute discretion to distribute the bulk of Ellen's estate to charities endows him with sufficient collateral benefits *135 to make him a substantial beneficiary of the will. In Re Estate of Nelson, 232 So.2d 222 (Fla. 1st DCA 1970); Zeigler v. Coffin, 219 Ala. 586, 123 So. 22 (1929).
When a presumption of undue influence arises, the proponent of the contested will must come forward with a reasonable explanation of his active role in the decedent's affairs.[5] When that happens, the presumption vanishes, and the trial court is left to decide the case in accordance with the greater weight of the evidence. However once the presumption arises, the undue influence issue cannot be determined in a summary judgment proceeding. In Re Knight's Estate, 108 So.2d 629 (Fla. 1st DCA 1959). In remanding this matter for trial we do not intend to suggest in any way the proper disposition to be made by the trial court in the light of such evidence as may be formally presented. Id.
The paragraphs of the amended petition which furthered the appellant's theory of undue influence were relevant and should not have been stricken. Pentecostal Holiness Church, Inc. v. Mauney, 270 So.2d 762, 769 (Fla. 4th DCA 1972). Accordingly, the allegations of paragraphs 5B, 5D, 5E, the first clause of 5F, 6C, and 9 should not have been stricken. But the second clause of paragraph 5F and paragraph 6B appear irrelevant and immaterial and they were properly excised from the petition.

POINT 4
The award of attorney fees to a party pursuant to section 57.105, Florida Statutes (1979) is appropriate only if the trial court finds there was a complete absence of a justiciable issue of law or fact. City of Miami Beach v. Town of Bay Harbor Island, 380 So.2d 1112 (Fla.3d DCA 1980). We would not sustain such a finding in the case at this point, had it been made. Further in a related appeal[6] we held the appellant's law suit was not frivolous and insubstantial so as to warrant an award of attorney fees pursuant to section 57.105.
Accordingly, we reverse the award of attorney fees.

POINT 5
The award of costs appears premature and it is accordingly reversed without prejudice to request payment after trial of this cause. We note that the $1,682.94 travel expense award appears questionable without further explanation. Butler v. Borowsky, 120 So.2d 656 (Fla.3d DCA 1960).

POINT 6
We find no error in the trial court's decision to strike appellant's request for a jury trial of the undue influence issue. Probate matters were never submitted to jury trials at common law, or under the prior probate law of Florida. Estate of Fanelli, 336 So.2d 631 (Fla.2d DCA 1976); In Re Duval's Estate, 174 So.2d 580 (Fla.2d DCA 1965).
The "new" Florida probate code which became effective January 1, 1976 makes no express change concerning the availability of jury trials. Florida Rule of Probate & Guardianship Procedure 5.025(a)(1) characterizes proceedings to revoke a will as "adversary proceedings."[7] Rule 5.025(b)(2) says such proceedings will be conducted "similar to suits of a civil nature," and the Rules of Civil Procedure shall govern their conduct. But Florida Rule of Civil Procedure 1.430(b) provides only that a "party may demand a trial by jury of any issue triable of right by a jury."[8] (Emphasis added).
Under the Code, probate matters which were traditionally the proper subject of jury trials, such as may arise in the resolution of claims, may be resolved by jury trials. However, issues such as undue influence and testamentary capacity, which *136 are traditionally resolved by probate judges, continue to be appropriately resolved without juries. Estate of Fanelli, 336 So.2d 631 (Fla.2d DCA 1976); see Cooley v. Cody, 377 So.2d 796 (Fla. 1st DCA 1979).
We reject appellant's view that the new probate code makes jury trials mandatory to resolve all fact issues. Such a drastic departure from prior law should not be based on inferences from language employed by the Code.

POINT 7
The appellant argues the trial court should have required Gurney's firm to withdraw as counsel for Ellen Dutton's estate pursuant to Florida Bar Code of Professional Responsibility, D.R. 5-102.[9] This Rule provides:
(A) If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that he or a lawyer in his firm ought to be called as a witness on behalf of his client, he shall withdraw from the conduct of the trial and his firm, if any, shall not continue representation in the trial... . (Emphasis supplied)
(B) If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that he or a lawyer in his firm may be called as as a witness other than on behalf of his client, he may continue the representation until it is apparent that his testimony is or may be prejudicial to his client. (Emphasis supplied)
D.R. 5-102(A) and (B). The "client" in this litigation is the "estate"-not the deceased person.[10] Gurney's testimony concerning Ellen's mental capacity would not be "on behalf of" the estate. Therefore section (B) applies rather than section (A). Section (A) would mandate withdrawal of the attorney and his firm.[11]
Section (B) allows the attorney or his firm to continue the representation until it becomes apparent the attorney's testimony will be "prejudicial" to the client. In Pantori, Inc. v. Stephenson, 384 So.2d 1357 (Fla. 5th DCA 1980), we held that an attorney could be barred by the trial court from representing a party in litigation if the court determines the attorney's representation would breach a former client's confidences. The record in this case fails to establish that Gurney's testimony will be "prejudicial" to the estate,[12] or involve breach of client confidences.
Although not properly raised in this appeal, it appears to us that Gurney's and his firm's representation of the estate, in litigation involving the validity of this will, poses a more substantial problem under Florida Bar Code of Professional Responsibility, D.R. 5-101(A)[13] and D.R. 5-105(C).[14] On remand, the trial court shall not be foreclosed from considering that matter.
REVERSED in part and REMANDED.
DAUKSCH, C.J., and COBB and SHARP, JJ., concur.

*137 ON MOTION FOR REHEARING
PER CURIAM.
The appellee has filed a lengthy petition for rehearing urging that this court resolved conflicts in the evidence and made findings of fact germaine to the ultimate issues to be tried. As stated in our opinion, we reviewed the propriety of the lower court's entry of a summary judgment and judgment on the pleadings. In that context the record and the allegations of the pleadings must be read in the light most favorable to the party against whom the judgment was entered. We did so and found there were genuine issues of fact which required resolution by trial on the merits. In remanding the case for trial we expressly cautioned "we do not intend to suggest in any way the proper disposition to be made by the trial court in the light of such evidence as may be formally presented." No determination of "fact" was intended nor made by this Court. Accordingly, the petition for rehearing is
DENIED.
DAUKSCH, C.J., and COBB, and SHARP, JJ., concur.
NOTES
[1] Megdell v. Wieder, 327 So.2d 781 (Fla.3d DCA 1976).
[2] Wills v. Sears, Roebuck & Co., 351 So.2d 29 (Fla. 1977).
[3] "Qualified" for purposes of receiving federal estate tax deduction pursuant to 26 U.S.C. § 501(c)(3).
[4] Zinnser v. Gregory, 77 So.2d 611 (Fla. 1955).
[5] In Re Estate of Carpenter, 253 So.2d 697, 704 (Fla. 1971).
[6] Allen v. Estate of Dutton, 384 So.2d 171 (Fla. 5th DCA 1980).
[7] See also § 733.109(1)(b), Fla. Stat. (1979).
[8] See also § 733.705(5), Fla. Stat. (1979).
[9] In Re Integration Rule of The Florida Bar, 235 So.2d 723 (Fla. 1970).
[10] The Florida Bar v. Shannon, 376 So.2d 858 (Fla. 1979); see § 733.612(20), Fla. Stat. (1979).
[11] Live and Let Live, Inc. v. Carlsberg Mobile Home Properties, Ltd., 388 So.2d 629 (Fla. 1st DCA 1980).
[12] It is apparently not uncommon for an attorney who drafted a will to handle the probate of the estate and related litigation concerning the testator's mental capacity. See Zinnser v. Gregory, 77 So.2d 611 (Fla. 1955) and In Re Estate of Nelson, 232 So.2d 222 (Fla. 1st DCA 1970).
[13] Florida Bar Code of Professional Responsibility, D.R. 5 101(A) provides: Except with the consent of his client after full disclosure, a lawyer shall not accept employment if the exercise of his professional judgment on behalf of his client will be or reasonably may be affected by his own financial, business, property, or personal interests.
[14] Florida Bar Code of Professional Responsibility D.R. 5 105(C) provides: In the situations covered by DR 5-105(A) and (B), a lawyer may represent multiple clients if it is obvious that he can adequately represent the interest of each and if each consents to the representation after full disclosure of the possible effect of such representation on the exercise of his independent professional judgment on behalf of each.