DAUKSCH, Judge.
This is the third time this dispute has been before us for review. On one occasion it was here for us to review an order awarding attorney’s fees. Allen v. Estate of Dutton, 384 So.2d 171 (Fla. 5th DCA 1980). Another time it was here for us to review a summary judgment. Allen v. Estate of Dutton, 394 So.2d 132 (Fla. 5th DCA 1980) rev. den. 402 So.2d 609 (1981). Now it is here after trial and judgment.
In Allen, 394 So.2d 132, the principal question before us was whether the summary judgment was proper or whether the allegations and evidence considered in support of and opposition to the motion for summary judgment were sufficient to sustain that judgment. As must be abundantly clear from that opinion, there were allegations and supporting facts adduced to require the matter to go to trial rather than be disposed of by a mere motion for summary judgment. See that opinion for the facts involved.
*746 Now the trial has been conducted and the parties have had their opportunity to fully disclose all the discoverable facts and assert their respective legal rights. The appellant in this appeal alleges no procedural error in the proceeding below and does not urge any error was committed regarding her being denied her right to a fair and complete trial with all due process rights to which she is entitled; nor does appellee. Appellant asserts only that the evidence is insufficient to support the final judgment. We disagree. The evidence taken in its entirety easily supports a determination that the attorney who drafted the will did not use any undue influence to induce the testatrix to do something she would not do under normal circumstances. To the contrary, the evidence clearly supports a finding that the attorney and his secretary were friendly, helpful and acceding to the very wishes of their client — in fact going “beyond the call of duty” to perform their tasks. Any hint of impropriety was completely dissolved by the evidence at trial.
AFFIRMED.
ORFINGER, C.J., and FRANK D. UP-CHURCH, J., concur.