489 So.2d 796 (1986)
Mary Ann RAND, Madeline McGowan McDonough and Frank Weber; and Joseph A. McGowan, Individually and As Co-Personal Representative of the Estate of Margaret Rosen, Deceased, Appellants,
v.
Brian J. GILLER, Appellee.
No. 85-2183.
District Court of Appeal of Florida, Third District.
May 20, 1986.
Rehearing Denied June 25, 1986.
Joseph A. McGowan, Miami, for appellants.
Giller & Kasdin and Neisen Kasdin, Miami, for appellee.
Before BARKDULL, NESBITT and DANIEL S. PEARSON, JJ.
NESBITT, Judge.
This is an appeal from an order granting summary judgment[1] in favor of Brian J. Giller on appellants' petition for Giller's removal as co-personal representative of the estate of Margaret Rosen. We affirm in part and reverse in part.
*797 In the summer of 1984, Mrs. Rosen, the deceased, had her will prepared by Brian J. Giller, who, prior to preparation of the will, had known Mrs. Rosen for only a few hours. Giller kept the original will which named him as co-personal representative and named his law firm, Giller & Kasdin, P.A., as trustee of a trust established for Mrs. Rosen's sister.[2] The will waived the provisions of any law regarding qualifications, bonding, administration or accounting by the trustee.
Upon Mrs. Rosen's death in November 1984, Joseph McGowan, the other co-personal representative, who is also a relative of the deceased and an attorney, instituted probate proceedings. In early December 1984, McGowan received a letter from Giller requesting that he sign a retainer agreement employing Giller & Kasdin as attorney for the estate. McGowan did not sign the agreement and responded with a letter of his own in which he indicated that because all of the major beneficiaries of the estate were relatives he was willing to do all of the estate's legal and administrative work at cost. In January 1985, Giller refused to co-sign some checks drawn for payment of estate expenses. He indicated in a letter dated January 14, 1985 that he needed to verify that the expenses were proper. He also stated that his office would "not be in a position to properly fulfill its role as set forth in the [w]ill, until such time as the [r]etainer and [a]uthorization has been duly executed by the [c]o-[p]ersonal [r]epresentatives." Only upon the probate court's order,[3] and after unsuccessfully filing a petition to authorize employment of his law firm,[4] did Giller co-sign the checks. It was necessary to obtain a second court order to get Giller to sign some additional checks. There is also record evidence of delays in Giller's signing of the estate inventory and the estate tax return.
In February 1985, the appellants filed a petition for removal of Brian J. Giller as co-personal representative. The petition alleged three grounds for removal: (1) that Giller had exercised undue influence on Mrs. Rosen in the drafting and execution of the will; (2) that Giller had acquired and attempted to exercise an interest adverse to the estate which would or might adversely interfere with the administration of the estate; and (3) that the co-personal representatives were in irreconcilable conflict.[5] At the hearing on the petition, the beneficiaries presented Giller as their only witness. After his testimony, Giller moved *798 orally for summary judgment[6] in his favor, and the motion was granted based upon a finding that there were no genuine issues of material fact.
In light of the fact that the lower court granted an involuntary dismissal in Giller's favor, we must review the record in the light most favorable to the appellants. Even doing so, we must agree with Giller that the trial court was correct in dismissing that count of the petition which alleged that Giller had exercised undue influence over the testator. Merely naming himself as co-personal representative and his law firm as trustee does not make Giller a substantial beneficiary under the will, and, therefore, a presumption of undue influence does not arise. Zinnser v. Gregory, 77 So.2d 611, 613-14 (Fla. 1955); Allen v. Estate of Dutton, 394 So.2d 132, 134 (Fla. 5th DCA 1980), review denied, 402 So.2d 609 (Fla. 1981).[7]Compare In re Estate of Nelson, 232 So.2d 222 (Fla. 1st DCA) (where drafting attorneys who were named executors and trustees had broad discretion over administration of the trust, they were deemed beneficiaries for purposes of determining whether a presumption of undue influence arose), cert. denied, 238 So.2d 423 (Fla. 1970). Accordingly, we affirm the lower court's judgment on the undue influence allegations.
We come to a different conclusion, however, with regard to the appellants' other allegations. The appellants alleged that Giller's statement that his firm could not carry out its duties under the will without a signed retainer agreement was the holding or acquiring of a conflicting or adverse interest against the estate which would or might interfere with the administration of the estate as a whole. See § 733.504(9), Fla. Stat. (1983). The record contains Giller's January 14, 1985 letter and evidence that subsequent to writing the letter Giller refused to co-sign checks for payment of estate liabilities, despite at least an inference that he had verified the validity of the bills. Conditioning performance of one's duties as co-personal representative, and of a law firm's duties as trustee, upon the hiring of that law firm as counsel for the estate is clearly the holding of an interest which would or might interfere with its administration. While Giller denies that he so conditioned his or the law firm's performance of their duties, there is evidence in the record that he did so and, therefore, an involuntary dismissal was improper.
We find likewise with regard to the appellants' allegation that the co-personal representatives are in irreconcilable conflict. When it is necessary to repeatedly resort to court action in order to resolve conflicts between co-personal representatives, the interests of the estate may best be served by removing one or both of the representatives. See Henderson v. Ewell, 111 Fla. 324, 149 So. 372 (1933) (affirming the removal of joint administrators where the evidence supported a finding of irreconcilable conflict regarding the management of the estate); see also In re Jaffe's Estate, 12 Misc.2d 31, 173 N.Y.S.2d 377 (N.Y.Sur. Ct. 1958) (inertia, indifference or design to thwart the administration of an estate are grounds for removal of a co-executor); In re Estate of Jarvis, 67 Ohio App.2d 94, 97, 425 N.E.2d 939, 942 n. 4 (Ohio Ct. App. 1980) (it may be in the best interest of an estate to remove an executor who needs constant court intervention to perform his duties). There is conflicting evidence on whether the conflict in this case has reached the point at which the best interests of the estate would be served by Giller's removal.[8] Because a serious conflict between *799 co-personal representatives can lead to wasting and maladministration that issue must also be decided on remand.
Accordingly, the order granting Giller's motion for involuntary dismissal is affirmed in part, reversed in part and remanded for further proceedings.
NOTES
[1] The motion was characterized as one for summary judgment. In fact, it was a motion for involuntary dismissal made at the close of the petitioner's case and we have treated it as such.
[2] Florida Bar Code of Professional Responsibility, E.C. 5-6 provides that:

A lawyer should not consciously influence a client to name him as executor, trustee, or lawyer in an instrument. In those cases where a client wishes to name his lawyer as such, care should be taken to avoid even the appearance of impropriety.
Giller testified that he attempted to discourage Mrs. Rosen from appointing him and his law firm as co-personal representative and trustee, but that she indicated a desire that they serve in those capacities. There was no documentary or testimonial evidence to corroborate that fact. For the benefit of the bar, we strongly suggest that attorneys establish procedures for such cases which allow for evidence, other than the self-serving testimony of the attorney involved, of the care taken to avoid the appearance of impropriety.
[3] Giller's testimony reveals that he actually investigated the validity of the expenses prior to the hearing which resulted in this order. While the result of his investigation is not stated in the record, it can at least be inferred that he discovered that the expenses were proper and that his continued refusal to co-sign the checks was based on McGowan's refusal to sign the retainer agreement.
[4] The will gave the co-personal representatives authority to employ counsel, without specifying any particular firm. The hiring of counsel would require the concurrence of the two personal representatives. § 733.615, Fla. Stat. (1983). Since McGowan has not agreed to the employment of Giller & Kasdin, P.A. as counsel for the estate, that firm is not authorized to represent the estate. It is, however, apparent from the record that Giller has impliedly, if not expressly, consented to McGowan's representation of the estate.
[5] It is apparent from our review of the record that the parties also put at issue, by consent, the question of whether Giller should be removed for wasting or maladministering the estate. § 733.504(5), Fla. Stat. (1983).
[6] See n. 1 supra.
[7] The existence of undue influence can result in total or partial revocation of a will. It can indirectly, therefore, be a ground for removal of a personal representative. § 733.504(10), Fla. Stat. (1983). Section 733.504 does not, however, establish as a ground for removal something less than undue influence, such as impropriety and overreaching. See, e.g., Estate of Weinstock, 40 N.Y.2d 1, 386 N.Y.S.2d 1, 351 N.E.2d 647 (1976).
[8] The appellants-beneficiaries emphasize their unanimous desire to have Giller removed. We emphasize in response the importance of carrying out a testator's wishes, including those regarding who will act as the representative of his or her estate. See In re Estate of Murphy, 336 So.2d 697 (Fla. 4th DCA 1976). The unanimous accord of beneficiaries in the desire to remove a personal representative is not by itself a ground for such removal.