RAMIREZ, J.
Barry Greenberg and his counsel, Thomas D. Lardin, appeal from a final order *811 awarding attorney’s fees pursuant to section 57.105, Florida Statutes (1999). Evelyn Van Dam cross-appeals from the denial of an award of a bonus fee. We reverse the award of fees and affirm the denial of a bonus fee.
Fulton Greenberg and his wife, Hor-tence Greenberg had two children, Barry Greenberg and Evelyn Van Dam. The Greenbergs executed wills on August 25, 1988, and the principal beneficiary under both of their wills was Barry Greenberg. Hortence died in 1996 and subsequently Fulton’s health deteriorated. He was diagnosed with dementia in March of 1999. In February of that year, Van Dam moved in with him on weekends. One month after Van Dam moved in with her father, Greenberg was informed that his father 'had revoked a power of attorney, previously given to Greenberg, and that the power of attorney was now given to Van Dam.
Fulton Greenberg executed a new will on May 5, 1999. During that month, Van Dam moved in full time with her father. A joint checking account that Greenberg had with Fulton was closed and a new one opened up with Van Dam, who was also added as the beneficiary on numerous certificates of deposit. There was also deposition testimony from Fulton’s housekeeper that Fulton did not understand why he was executing a new will on May 5, 1999.
A petition for appointment of guardian was filed on May 21, 1999. Ultimately, in this guardianship matter, the judge issued letters of limited guardianship of the person and property. However, the committee did not indicate a lack of capacity with regard to the execution of a will or waiving the provisions of an existing will. The court appointed Van Darn as limited guardian.
Fulton Greenberg died on April 11, 2000. Greenberg filed a petition to revoke probate on January 17, 2001. The basis for the revocation was a lack of testamentary capacity and undue influence by Van Dam. Van Dam answered the petition denying all material allegations. She also filed a request for compulsory judicial notice of Greenberg’s previous petition to determine incapacity and a motion for summary judgment, arguing that there is a presumption of testamentary capacity and there was a previous guardianship proceeding, which constituted estoppel by judgment. The lower court denied the motion without prejudice.
Van Dam subsequently filed a renewed motion for summary judgment and the trial court granted the motion concluding that Fulton Greenberg had the necessary testamentary capacity and that there was a lack of evidence of undue influence. Greenberg did not appeal from that summary judgment.
Van Dam then filed a motion for section 57.105 attorney’s fees against Greenberg and Lardin, Greenberg’s attorney, as a sanction. The trial court awarded Van Dam attorney’s fees against both Green-berg and his attorney. Later, in a separate order, the trial court determined that $9,480.00 was a reasonable fee and awarded that amount to Van Dam against Greenberg and Lardin. However, the trial court denied Van Dam an award for the “success bonus” of $15,000.00, that she had agreed to pay her attorney if she prevailed in this matter.
The trial court’s conclusion “was reached after discovery was conducted and [appellants were] unable to present a scintilla of evidence in support of [their] position.” Although we might agree that it may have been frivolous to challenge Fulton Greenberg’s testamentary capacity considering the result of the previous litigation, we cannot agree that there was no basis to support a claim of undue influ *812 ence. In Allen v. Estate of Dutton, 394 So.2d 132, 134 (Fla. 5th DCA 1980), the court stated that to raise a presumption of undue influence, a petitioner must show “(1) the existence of a confidential or fiduciary relationship between the decedent and the procurer of a will; (2) the active participation of the procurer in the planning and drafting of the will; and (3) the realization by the procurer of a substantial benefit under the provisions of the will.” (citing In Re Estate of Carpenter, 253 So.2d 697 (Fla.1971); In Re Estate of Nelson, 232 So.2d 222 (Fla. 1st DCA 1970)). We hold that the facts of this case gave rise to such a presumption. Section 57.105 reads as follows:
(1) Upon the court’s initiative or motion of any party, the court shall award a reasonable attorney’s fee to be paid to the prevailing party in equal amounts by the losing party and the losing party’s attorney on any claim or defense at any time during a civil proceeding or action in which the court finds that the losing party or the losing party’s attorney knew or should have known that a claim or defense when initially presented to the court or at any time before trial:
(a) Was not supported by the material facts necessary to establish the claim or defense; or
(b) Would not be supported by the application of then-existing law to those material facts.
As there was a presumption of undue influence at the onset of the litigation, it is axiomatic that the claim, when initially presented, was “supported by the material facts necessary to establish the claim.” It may be that at some point in the litigation it became apparent that the claim could not be supported, but that was not the basis of the trial court’s ruling.
We are thus compelled to reverse the award of fees. Obviously, we agree with the trial court that no “bonus fee” was appropriate.
Affirmed in part, reversed in part, and remanded.